[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-12708

_____

D. C. Docket No. 05-01583-CV-1-VEH-PWG

DEMARCUS JAMES MCCLOUD,

                                                          Petitioner-Appellant,

versus

RALPH HOOKS,

                                                          Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 2, 2009)**

Before TJOFLAT and CARNES, Circuit Judges, and HOOD,[*] District Judge.

HOOD, District Judge:

_____

[*] Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Demarcus McCloud ("McCloud" or "Defendant"), an Alabama state prisoner, appeals the dismissal of his federal habeas corpus petition as time-barred under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). At issue in this case is the impact of Alabama's consolidation rule, Ala. R. Crim. P. 13.3(c), on the timeliness of a defendant's habeas petition, when the defendant pleads guilty to one charge, is convicted by a jury on another charge, and separate judgments are entered against him. The answer to this question materially controls the triggering date for the AEDPA's one-year statute of limitations in the present appeal. After reviewing the parties' written and oral arguments, we hold that the cases against McCloud were severed as a matter of law when two judgments were entered against him by the state trial court and the district court properly dismissed McCloud's petition.

## I. BACKGROUND

On March 11, 1998, the Calhoun County Circuit Court, an Alabama trial court, consolidated for trial two criminal cases pending against McCloud pursuant to Alabama Rule of Criminal Procedure 13.3. McCloud was charged with first degree burglary in one case and with capital murder in the other. On March 23, 1998, and before the trial began, McCloud entered a guilty plea to the burglary

2

charge. On March 31, 1998, a jury convicted McCloud of capital murder. On April 23, 1998, McCloud was sentenced to ninety-nine years in the state penitentiary on the burglary conviction. On July 7, 1998, McCloud was sentenced to life without parole on the capital murder conviction. Separate judgments were entered for each crime.

McCloud did not directly appeal his burglary conviction. The Alabama Court of Criminal Appeals affirmed his capital murder conviction on April 30, 1999. *See McCloud v. State*, 768 So.2d 1022 (Ala. Crim. App. 1999) (table); *see also Ex Parte McCloud*, 780 So.2d 811 (Ala. 1999) (table) (Alabama Supreme Court's issuance of certificate of judgment). On May 18, 2000, McCloud filed a petition for post-conviction relief for the burglary conviction under Alabama Rule of Criminal Procedure 32. This petition was signed on April 17, 2000, and in it McCloud stated it would be mailed on April 19, 2000. On May 11, 2004, McCloud filed a successive Rule 32 petition for relief from his burglary conviction, signed on October 13, 2001, and to be mailed on October 30, 2001. The petitions claimed, *inter alia*, ineffective assistance of counsel, improper grand jury procedures, and that McCloud's guilty plea to the burglary charge was involuntarily given. The Calhoun County Circuit Court denied both petitions on September 9, 2004, for reasons that we need not detail here, and the Alabama

Court of Criminal Appeals affirmed this denial on February 18, 2005. The Alabama Supreme Court denied McCloud's petition for writ of certiorari to review his Rule 32 petitions on July 8, 2005. McCloud later filed Rule 32 petitions for relief from his capital murder conviction.

On July 25, 2005, McCloud filed his *pro se* § 2254 habeas corpus petition raising the following two claims: (1) ineffective assistance of counsel for failure to withdraw McCloud's guilty plea to first-degree burglary, and (2) involuntariness of the burglary guilty plea in that McCloud did not receive any benefit or understand the nature of the plea. McCloud listed both the burglary and capital murder convictions in his habeas petition. He stated the date of judgment of conviction as March 23, 1998, not distinguishing between the two charges. McCloud's petition also stated:

> The charge of first degree burgalry [sic] was consolidated with the Capital murder charge. ZOn [sic] the date of trial a plea was entered to the burgalry [sic] charge. McCloud was later convicted of Capital Murder. The appeal was affirmed on 4/30/99 and rehearing was denied on 6/18/99.

Finally, he asserted that he commenced post-conviction collateral review in state court and his motion for review was denied September 9, 2004.

The state responded and argued, *inter alia*, that the district court should dismiss McCloud's petition as untimely because he did not file it within one year

4

after the state conviction became final pursuant to 28 U.S.C. § 2244(d)(1)(A). Specifically, the state argues that the statute of limitations began to run on June 4, 1998, forty-two days after McCloud was sentenced for burglary and, therefore, it expired on June 5, 1999. McCloud filed his motion for post-conviction relief pursuant to Alabama Rule of Criminal Procedure 32 ("Rule 32 petition") on April 17, 2000. Thus, the state argues that the petition was untimely and due to be dismissed.

In reply, McCloud argues that the burglary charge was never severed from the capital murder charge after the circuit court granted the State's motion for consolidation under Rule 13.3. As a result, he contends that the one-year period was tolled when he directly appealed the capital murder conviction. In addition, McCloud asserts that the period of limitations was also tolled when he filed his Rule 32 petition on May 18, 2000, until after the Alabama Supreme Court denied *certiorari* as to that petition on July 8, 2005. Thus, he argues that the very latest date that the § 2254 petition would have been due was in April 2006, well after the July 2005 filing date.

A magistrate judge entered a report recommending that the district court deny McCloud's § 2254 petition as untimely. The magistrate found that the conviction for first-degree burglary became final on June 4, 1998, forty-two days

after the March 23, 1998, guilty plea to that charge. Therefore, the petition for habeas corpus had to be filed before June 7, 1999, which is one year after the burglary conviction became final, counting from June 5, 1998, and extending to the next business day. The magistrate found that McCloud's Rule 32 petition could not toll the federal limitations period because it had already expired, and therefore, the § 2254 petition was late by more than six years. Furthermore, the magistrate found that the appeal from the capital murder conviction did not toll the habeas limitations period because it was not an appeal from the burglary conviction. The magistrate noted that McCloud knew this because in his Rule 32 petition he said that he had not filed a direct appeal from his burglary conviction. The magistrate also found that McCloud was not entitled to equitable tolling because he failed to demonstrate any extraordinary circumstances beyond his control which prevented him from timely filing his petition. Neither party objected to the magistrate's report, and the district court adopted the findings, accepted the recommendation, and dismissed the § 2254 petition as untimely.

We granted a certificate of appealability ("COA") on one issue: "Whether the district court erred in finding appellant's § 2254 petition untimely in light of Ala. R. Crim. P. 13.3."

## II. STANDARD OF REVIEW

6

This Court reviews *de novo* the district court's determination that the petition for federal habeas corpus relief was time-barred under the AEDPA. *Moore v. Crosby*, 321 F.3d 1377, 1379 (11th Cir. 2003) (citing *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)); *see also* 28 U.S.C. § 2244(d). This Court reviews *de novo* the district court's application of equitable tolling of federal habeas corpus statute's limitations period. *Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001).

## III.  DISCUSSION

The AEDPA establishes a one-year statute of limitations for filing § 2254 petitions, which begins to run following the latest of several possible dates, including the date on which the petitioner's judgment becomes final.  *See* 28 U.S.C. § 2244(d)(1); *Alexander v. Sec'y for the Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008).  To decide whether a petition for writ of habeas corpus was filed within one-year of the conviction becoming final, we must determine "(1) when the [collateral] motion was filed and (2) when [the] 'judgment of conviction' became final." *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). A *pro se* petitioner's collateral action is deemed filed in federal court on the date it is delivered to prison authorities for mailing, and absent state-presented evidence to the contrary, we will presume that the petition was delivered on the date the

petition was signed. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). A conviction is final at "the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting 28 U.S.C. § 2244(d)(1)(A)). A state prisoner's conviction becomes final when the United States Supreme Court denies *certiorari,* issues a decision on the merits, or when the ninety day period in which to file for *certiorari* expires, regardless of whether the defendant raised any federal issues on direct appeal. *Nix v. Sec'y for the Dep't of Corr.*, 393 F.3d 1235, 1236-1237 (11th Cir. 2004).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2); *Cramer v. Sec'y for the Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006). While a Rule 32 petition is a tolling motion under § 2244(d)(2), it cannot toll the one-year limitations period if that period has expired prior to filing the Rule 32 petition. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see Guenther v. Hold*, 173 F.3d 1328, 1331 (11th Cir. 1999) (relief sought under Ala. R. Crim. P. 32 qualifies as post-conviction relief for purposes of § 2244(d)(2)). A Rule 32 petition is commenced when the petition is filed with the

8

clerk of the court, along with the prescribed filing fee. Ala. R. Crim. P. 32.6.

Under the heading "Charges: Indictment, Information, and Complaint," Alabama Rule of Criminal Procedure 13.3(c)-(d) provides:

> (c) Consolidation. If offenses or defendants are charged in separate indictments, informations, or complaints, the court on its own initiative or on motion of either party may order that the charges be tried together or that the defendants be joined for the purposes of trial **if the offenses or the defendants, as the case may be, could have been joined in a single indictment, information, or complaint. Proceedings thereafter shall be the same as if the prosecution initially were under a single indictment, information, or complaint.** However, the court shall not order that the offenses of, or the defendants, as the case may be, be tried together without first providing the defendant or defendants and the prosecutor an opportunity to be heard.
> (d) Trial. **Offenses and defendants joined in the same indictment, information, or complaint shall be jointly tried unless severed as provided in Rule 13.4.** The fact that offenses are jointly tried shall not affect the court's power to sentence the defendant separately for each offense of which the defendant is convicted; nor shall it affect the court's power to provide that sentences shall run concurrently or consecutively, just as if the defendant had been tried separately for each offense.

*Id.* 13.3(c)-(d) (emphasis added). Alabama also provides that a judgment becomes final either at the conclusion of direct review or forty-two days after the sentence is entered, which is the time in which an appeal may be taken. Ala. R. App. P. 4(b)(1); *see Ex parte Waldrop*, 859 So. 2d 1181, 1184 n.1 (Ala. 2002).

On appeal, McCloud argues that the district court improperly applied

9

Alabama law in dismissing his § 2254 petition as untimely. He argues that once charges are consolidated under Ala. R. Crim. P. 13.3, they are treated as one indictment or one set of charges throughout the remainder of the proceedings for those charges. He further argues that under Alabama law, any appeal is treated as representing the entire catalog of the consolidated cases. McCloud claims that the trial court's failure to sever the cases pursuant to Rule 13.4 meant that cases remained consolidated on direct appeal. Thus, McCloud argues the direct appeal of the capital murder conviction tolled the period of limitations related to his habeas petition and it was not untimely filed.

The State argues that under Alabama law, McCloud's cases were severed as a matter of law when he pled guilty and was sentenced separately on the burglary charge. The State argues that the direct appeal of the capital murder conviction was irrelevant to the timing of McCloud's habeas petition. The State points out that more than a year passed between the burglary judgment becoming final and McCloud's petitioning for post-conviction relief under Rule 32. Thus, the statute of limitations expired and McCloud's habeas petition was untimely. The State also argues that equitable tolling should not apply because McCloud knew the charges were separate and treated them as separate. The State notes that McCloud's Rule 32 petitions addressed each charge separately and that

10

McCloud's direct appeal of the capital murder conviction did not address any issues related to his guilty plea on the burglary charge, including those later raised in his habeas petition. Thus, there was no lack of knowledge on the part of McCloud that could indicate that equitable tolling would be appropriate.

For McCloud's petition for a writ of habeas corpus to be considered timely, this Court would have to determine that his burglary and capital murder cases remained consolidated beyond his sentencing for each crime. Assuming that the charges did not remain consolidated, McCloud's guilty plea to the burglary charge was final on June 4, 1998, forty-two days after his sentencing on April 23, 1998. The final day that McCloud could have petitioned for a writ of habeas corpus was June 7, 1999, one year from the day after the burglary judgment became final. McCloud filed his first Rule 32 petition relating to the burglary charge on May 18, 2000, well after the habeas period of limitations expired. Considering the murder conviction separately is similarly unfruitful for McCloud. The murder conviction became final on December 30, 1999, leaving McCloud until December 31, 2000, to file his § 2254 petition. But the deadline for filing the habeas petition passed without any events that might toll the limitations period because McCloud's earliest Rule 32 petitions challenged his burglary plea. The State wrongly argues that consolidating the charges does not help McCloud because the habeas petition

11

was also untimely relative to the capital murder conviction becoming final. If the charges remained consolidated, then both the appeal of the capital murder conviction and the filing of the Rule 32 petition on the burglary charge would toll the habeas petition limitations period. AEDPA's one year time period would have begun on December 30, 1999, the day McCloud's murder conviction became final. Only 111 days passed between this date and when McCloud filed his first Rule 32 petition and only seventeen days passed between the resolution of his Rule 32 petition and when he filed his § 2254 petition. Thus, if the cases remained consolidated, McCloud filed his § 2254 petition well within the one-year limitation period.

This Court has never addressed the issue of whether multiple charges consolidated under Alabama Rule of Criminal Procedure 13.3 remain consolidated on appeal when a defendant pleads guilty to one charge, is convicted by a jury on another charge, and two separate judgments are entered against the defendant. A review of Alabama law offers no clear answer to the question about what effect Rule 13.3 has on habeas proceedings. In the past, we have had opportunities to address similar questions when interpreting AEDPA's provisions on the finality of state criminal proceedings. For example, in *Walker v. Crosby*, the defendant was convicted, sentenced, and then, more than six years later, resentenced. 341 F.3d

12

1240, 1241-42 (11th Cir. 2003).  The defendant then filed a § 2254 petition challenging both his underlying conviction and new sentence.  *Id*. at 1242.  In reversing the district court's dismissal of the habeas petition as untimely, we stated that the habeas statute of limitations is measured "from the date on which the [latest] resentencing judgment became final."  *Id*. at 1246.  Similarly, in *Ferreira v. Secretary for the Department of Corrections*, we held that "AEDPA's statute of limitations begins to run from the date both the conviction *and* the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence."  494 F.3d 1286, 1293 (11th Cir. 2007); *see Burton v. Stewart*, 549 U.S. 147, 156-517 (2007).

Here, McCloud's case features two separate judgments, one each for the burglary and capital murder charges.  However, the calculus under § 2244(d) is the same; we look to match  convictions with a respective sentence and begin our count for purposes of the AEDPA's one year limitations period, following the familiar rules for tolling along the way.  We can safely look to the fact that the state trial court sentenced McCloud separately for each offense to decide that his habeas petition is untimely.  The later sentencing was not a resentencing, but related only to McCloud's capital murder conviction.  In effect, for purposes of calculating the period of limitations the trial court's entry of two judgments

13

severed the consolidated cases as a matter of law. At oral argument, McCloud's counsel argued that the state trial court should have entered a separate order to sever the cases pursuant to Ala. R. Crim. P. 13.4. We hold that the entry of separate judgments satisfied the requirements of Rule 13.4. Thus, for purposes of determining the timeliness of McCloud's habeas petition, we view the cases as severed and McCloud's § 2254 petition was untimely.

We are further persuaded by the fact that McCloud's guilty plea to the burglary charge obviated the need for consolidation at trial or beyond. Rule 13.3(d) requires consolidated cases be "jointly tried unless severed," and as we noted at oral argument, the policies underpinning the consolidation rule are judicial efficiency and fairness. These policies are not implicated in this case because McCloud pled guilty to the burglary charge and decided not to directly appeal any issues related to that charge. McCloud's guilty plea on the burglary charge eliminated any need for the cases to remain consolidated for trial. As the Alabama courts hearing his case suggest, in all likelihood McCloud's decision to plead guilty to the burglary charge was a tactical decision, a work-around for the trial court's earlier decision to deny McCloud's motion for severance under Rule 13.4, making it unnecessary to continue to treat the cases as consolidated.

At oral argument, Defendant's counsel conceded that, during sentencing on

14

the burglary charge, McCloud was advised of his right to appeal the judgment on that charge. The trial court advised him of this right over two months before he was sentenced on the capital murder conviction. It appears that McCloud viewed the cases as severed thereafter because his direct appeal of the murder charge did not address any issues related to the burglary plea and the collateral attacks McCloud made focused on each charge separately. Moreover, the closest McCloud came to addressing both judgments was in his habeas petition, in which he listed both convictions but only challenged the burglary plea. The fact that judgment was entered in the burglary case and that McCloud was advised of his rights to appeal demonstrate that the burglary case was severed from the capital murder case and McCloud should have known the time for directly appealing or collaterally attacking the burglary charge had begun.

## VII.  CONCLUSION

McCloud's failure to file his petition for a writ of habeas corpus within the statute of limitations established by 28 U.S.C. § 2244 is fatal. The decision of the district court is **AFFIRMED**.