[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14858
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:09-cv-00243-EAK-TBS

FREDERICK CHARLES BRANDAU,

Petitioner - Appellant,

versus

WARDEN, FCC COLEMAN - MEDIUM,

Respondent - Appellee.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 20, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Frederick Charles Brandau, a federal prisoner proceeding *pro se*, appeals the

district court's denial of his motion for an extension of the deadline to appeal the

dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. Because we

conclude that the time within which Brandau could request such an extension had already expired when he filed the motion, we affirm.

I.

Brandau filed his petition for habeas relief on June 1, 2009, asserting that the Supreme Court's decision in *United v. Santos*, 553 U.S. 507 (2008) established his innocence of the charges of which he was convicted in 2000. Shortly thereafter, the government filed a motion to dismiss. Noting that Brandau had previously challenged his conviction in a habeas petition under 28 U.S.C. § 2255 and was not authorized to file a second or successive petition, the district court reasoned that Brandau's habeas petition could proceed, if at all, only under the "savings clause" of § 2255(e). But the district court found that this court's ruling in *United States v. Demarast*, 570 F.3d 1232, 1242 (11th Cir. 2009), which explained the extent of the holding in *Santos*, precluded any theory upon which Brandau could satisfy the requirements of the savings clause. Therefore, on March 15, 2010, the district court dismissed Brandau's § 2241 petition.

On the same day, apparently anticipating that a magistrate judge would issue a report and recommendation (R&R) on the government's motion to dismiss, Brandau filed a motion requesting a 45-day extension to file objections to the

R&R.[1] Four days later, realizing that the court had dismissed his action and there was no R&R to object to, he asked to withdraw that motion. In the same filing, he gave notice that, "pursuant to Rule 59(e)," he would "be filing . . . a 'Motion for Reconsideration', within the specified time frame of 28 days from the entry date of the judgment." But Brandau's motion under Federal Rule of Civil Procedure 59(e) was not filed until April 19, 2010, a week after the 28-day deadline for seeking reconsideration of the district court's March 15 dismissal expired.

The district court denied Brandau's Rule 59(e) motion as both untimely and meritless on March 1, 2011. Brandau then requested an extension of time within which to file an appeal. The district court denied that motion, finding that the deadline for seeking such an extension had already expired. Brandau appeals the denial of his motion to extend the time to file his notice of appeal.[2]

II.

---

[1] We treat Brandau's motions as filed on the date that he signed them, rather than the date on which they were stamped as filed by the district court. *See McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (recognizing that a *pro se* prisoner's filings are "deemed filed in federal court on the date . . . delivered to prison authorities for mailing, and . . . [that we] presume that the petition was delivered on the date the petition was signed").

[2] Brandau's argument focuses exclusively upon the denial of his Rule 59(e) motion and does not mention the denial of his motion to extend the deadline to appeal, the order from which he is actually appealing. Nonetheless, because he proceeds *pro se*, we construe his contentions with respect to the subsidiary question of the timeliness of his Rule 59(e) motion liberally to include the dispositive question of whether the district court erred in denying his motion for an extension of time to appeal. *See Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997).

We review the district court's denial of a request to extend the deadline for filing a notice of appeal for an abuse of discretion. *McDaniel v. Moore*, 292 F.3d 1304, 1305 (11th Cir. 2002). Whether equitable tolling applies is a legal question that we review *de novo*, accepting the district court's factual findings unless they are clearly erroneous. *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006). Although we liberally construe *pro se* filings, we nonetheless require that they comply with procedural rules, including applicable filing deadlines. *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011); *see Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) (recognizing that a litigant's *pro se* status does not excuse his "lack of compliance with a deadline imposed by law"), *overruled in part on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*).

## III.

Where, as here, an agent or officer of the United States is party to an action, a litigant has 60 days in which to file a notice of appeal from an adverse district court ruling. Fed. R. App. P. 4(a)(1)(B). The district court has authority to extend this deadline if (1) a party demonstrates excusable neglect or good cause (2) in a motion filed not more than 30 days after the deadline expires. *Id.* at 4(a)(5)(A).

A timely Rule 59(e) motion tolls the time limit for filing an appeal. *Id.* at 4(a)(4)(A)(iv). Timely, in this instance, means within 28 days of the entry of the judgment that the movant asks the district court to alter or amend. Fed. R. Civ. P. 59(e). "To help preserve the finality of judgments, a court may not extend this 28-day time requirement." *Green v. D.E.A.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

Because Brandau's Rule 59(e) motion was untimely, filed a week after it was due, it did not toll the deadline for filing his notice of appeal, and that deadline expired on May 13, 2010, 60 days after the district court dismissed his petition. Any motion to extend that deadline was due no later than June 14, 2010. But Brandau did not file his motion to expand the time for his notice of appeal until March 18, 2011, 277 days after the deadline for such a motion had expired.

Brandau argues that the district court should have considered his Rule 59(e) motion timely. If it had done so, then the time for his appeal would have been tolled, and, accordingly, his request to extend the time for appeal after that motion was denied would also have been timely.

First, Brandau asks us to construe his motion for an extension of time to object to the nonexistent R&R as a motion for a 45-day extension of time to file his Rule 59(e) motion. Doing so, however, would have no effect on the outcome of this case. Rule 59(e)'s time limit is mandatory — district courts do not have

authority to extend the 28-day deadline. Fed R. Civ. P. 6(b)(2); *Green*, 606 F.3d at 1300. Had Brandau clearly asked the district court to extend the deadline for filing his Rule 59(e) motion, the district court could not have done so. Therefore, Brandau's Rule 59(e) motion would still be untimely even if we were to treat his request for an extension of time as related to that motion.

Next, to avoid the conclusion that an appeal of the district court's dismissal of his § 2241 petition would be untimely, Brandau contends that the district court should have considered the deadline for his Rule 59(e) motion equitably tolled until it was filed. We have never recognized that the otherwise mandatory deadline for filing a Rule 59(e) motion may be equitably tolled. *Cf. Green*, 606 F.3d at 1300-03 (dismissing appeal because the district court's agreement to extend the Rule 59(e) deadline did "nothing to toll" the period for such a motion and, therefore, for filing a notice of appeal). But, even assuming that equitable tolling is available, Brandau could not successfully invoke it. A petitioner may rely upon the doctrine only if he acted with diligence but some extraordinary circumstance prevented his compliance with the deadline. *See Chavez v. Sec. Fla. Dep't of Corr.*, 647 F.3d 1057, 1066 (11th Cir. 2011), *cert. denied* 132 S. Ct. 1018 (2012).

6

Despite his diligent efforts to meet the filing deadline, Brandau argues, deficiencies in the prison's law library caused him to miss it. He contends that the prison's copier was out of service in the days before he filed his Rule 59(e) motion. And, for the first time on appeal, Brandau asserts that he encountered other difficulties with the library, including limited seating capacity and computer terminals, and a one-month delay in updates of legal materials.

Even if we consider the factual assertions Brandau makes for the first time on appeal, they would not entitle him to equitable tolling. First, Brandau clearly was aware of the deadline for his Rule 59(e) motion, because he referred to the rule by name and quoted its deadline of "28 days from the entry date of the judgment" in his March 19 filing.[3] *See Helton v. Sec. for Dep't of Corr.*, 259 F.3d 1310, (11th Cir. 2001) (deciding that prisoner misled about filing deadline by incorrect advice of his former counsel had not shown an extraordinary circumstance). Also, according to Brandau's own account, his problem with the prison's copying machine did not occur until April 15, 2010. Because the deadline had already expired when it arose, that impediment has no bearing on whether the deadline

---

[3] We reject Brandau's assertion that the district court failed to afford him the leniency due to a *pro se* litigant because it did not expressly inform him that the 28-day deadline was firm. As his filing makes clear, he was plainly aware of the deadline and had access to a copy of the Federal Rules, which state that district courts do not have authority to extend Rule 59(e)'s deadline. Fed R. Civ. P. 6(b)(2)

should have been equitably tolled.  Further, we have previously held that the absence of a copy of the statute containing the relevant deadline in a prison law library did not constitute the kind of extraordinary circumstance that would warrant equitable tolling.  *Id.* at 1312-14.  The inconveniences Brandau faced were much less severe.  Moreover, Brandau clearly had the tools to formulate legal documents; he filed two with the district court in the week after it dismissed his petition.

No extraordinary circumstance prevented Brandau from complying with the Rule 59(e) deadline.  Thus, even assuming equitable tolling may be applied to that time limitation, it would not be applicable in this case.

Brandau's Rule 59(e) motion was untimely, and therefore did not toll the time for his appeal.  As a result, his motion to extend the time within which to file his notice of appeal was, likewise, untimely.  For that reason, the district court did not abuse its discretion in declining to grant his extension.

**AFFIRMED**.