[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10281
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-00457-CG; 1:06-cr-00062-CG-C-1

JOSE EDUARDO LOPEZ,
a.k.a. Lielo,

                                                                Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                                Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 18, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Eduardo Lopez, through counsel, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate his sentence as untimely. Lopez concedes that he filed his motion more than one year after his judgment of conviction became final. However, he argues that he was entitled to equitable tolling because his attorney failed to notify him of our March 2009 decision on his direct appeal until August 12, 2010, and he filed within one year of receiving notice. He argues that he was reasonably diligent in seeking updates on his appeal because he tried to call his attorney monthly throughout 2009 and early 2010, and sent his attorney letters on July 8, 2010, and August 7, 2010. After thorough review of the record, we affirm.[1]

We review *de novo* the legal issue of whether a § 2255 motion is time-barred. *Murphy v. United States*, 634 F.3d 1303, 1306 (11th Cir. 2011). We review a district court's denial of equitable tolling *de novo* and its factual determinations, including findings regarding a party's diligence, for clear error. *Arthur v. Allen*, 452 F.3d 1234, 1243 (11th Cir. 2006); *Amadeo v. Zant*, 486 U.S. 214, 223, 108 S. Ct. 1771, 1777 (1988) ("It is well settled . . . that a federal

---

[1] Alternatively, Lopez argues that the district court erred by failing to hold an evidentiary hearing on his claim that counsel failed to notify him of the disposition of his appeal and the right to file a petition for writ of *certiorari*, which would entitle him to relief under *Lacaze v. United States*, 457 F.2d 1075, 1078 (5th Cir. 1972). However, we decline to consider this argument as it is outside the scope of the certificate of appealability (COA) and thus outside the scope of our review. *See Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

appellate court may set aside a trial court's findings of fact only if they are 'clearly erroneous.'").

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion, which begins to run following the latest of four possible events, including "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A conviction ordinarily becomes final when the Supreme Court denies *certiorari* or when the 90-day period for filing a petition for *certiorari* expires. *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003). If a petition for rehearing is timely filed, the 90-day filing period runs from the date of the denial of rehearing. Sup. Ct. R. 13.3.

Nevertheless, the statute of limitations may be equitably tolled where a movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. __, __, 130 S. Ct. 2549, 2562 (2010) (quotation omitted). As to the first prong, the movant need only demonstrate "reasonable diligence" rather than "maximum feasible diligence." *Id.* at __, 130 S. Ct. at 2565 (quotations omitted). As to the second prong, an extraordinary circumstance is one that is both beyond the movant's control and unavoidable even with diligence.

3

*Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *see United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (holding that a movant's limited ability to communicate in English was not extraordinary for purposes of equitable tolling). Equitable tolling "is an extraordinary remedy which is typically applied sparingly," and the movant bears the burden of showing that it is warranted. *Drew*, 297 F.3d at 1286 (quotation omitted). When a movant has "not carried his burden of showing that he pursued his rights diligently," the court "need not decide whether [he] has established that an extraordinary circumstance stood in the way" of timely filing. *Hutchinson v. Florida*, 677 F.3d 1097, 1103 (11th Cir.), *cert. denied*, 133 S. Ct. 435 (2012).

A court's equitable powers must be exercised on a case-by-case basis. *Holland*, 560 U.S. at __, 130 S. Ct. at 2563. In *Holland*, the Supreme Court held that attorney misconduct that goes beyond "garden variety" negligence and is sufficiently egregious may constitute an extraordinary circumstance. *Id.* at __, 130 S. Ct. at 2563-64. Despite Holland's many pleas, his attorney failed to file a timely federal habeas petition, failed to timely inform him that the state supreme court had decided his case, and failed to communicate with him over a period of years. *Id.* at __, 130 S. Ct at 2564. The Court noted that "Holland not only wrote his attorney numerous letters seeking crucial information and providing direction,"

4

but also "repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [his attorney] . . . removed from his case." *Id.* at __, 130 S. Ct at 2565. Holland also promptly filed a *pro se* federal habeas petition the very day that he discovered the statute of limitations had expired due to counsel's failings. *Id.*

"A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented" timely filing of a § 2255 motion. *Drew*, 297 F.3d at 1288. However, "not in every case will a prisoner be entitled to equitable tolling until he receives notice." *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). Although no bright-line rule requires prisoners to directly contact the court system, we have held that "efforts to learn the disposition of pre-federal habeas steps are crucial to determining whether equitable tolling is appropriate." *San Martin v. McNeil,* 633 F.3d 1257, 1269 (11th Cir.), *cert. denied*, 132 S. Ct. 158 (2011).

Applying these principles, we held that due diligence was not established in *Drew* or *San Martin*. In *Drew*, the petitioner could not substantiate his claim that he repeatedly tried to learn the status of his case when he could only prove that he sent one letter to the clerk's office and provided no additional information about

5

the letters. 297 F.3d at 1288-89. Furthermore, the petitioner made no other attempts to contact the court, such as calling or "seeking help from people with the ability to go to the court personally." *Id.* at 1289. This Court, in holding that the petitioner was not entitled to the "rare and extraordinary remedy of equitable tolling," also stressed that we must accord "necessary deference to the district court's findings of fact" and not engage in a *de novo* review of these findings. *Id.* at 1289-90. The petitioner in *San Martin*, among other things, made no attempt to contact the court to learn about the resolution of his case or anyone else to complain about his unresponsive attorney, if that had actually been the case. 633 F.3d at 1270.

On the other hand, equitable tolling was appropriate where a prisoner was assured by the court that it would notify him as soon as a decision was made, and he contacted the court to inquire about his case after notice was inadvertently sent to the wrong person. *Knight*, 292 F.3d at 710-11. Additionally, the petitioner in *Aron* was entitled to an evidentiary hearing when, in addition to writing many letters and placing numerous calls to his attorney, he attempted to file two *pro se* motions with the district court, as well as a letter inquiring about the status of a motion, all before the statute of limitations had run. *Aron v. United States*, 291 F.3d 708, 713-14 (11th Cir. 2002).

6

The district court did not clearly err in finding that Lopez was not reasonably diligent in his efforts to ascertain the disposition of his direct appeal. Like the petitioner in *Drew*, Lopez's alleged attempts to contact his attorney by phone and mail are largely unsupported by the record evidence. Instead, the earliest specific date that he wrote to his attorney was July 8, 2010, nearly eleven months into the one-year statute of limitations. Additionally, similar to the petitioner in *San Martin*, Lopez made no attempt to contact either the district court, nor this Court, regarding the status of his appeal during 2009 and most of 2010 despite having previously inquired about the status of his appeal in 2007 and having previously filed a *pro se* "motion for appeal" that same year. Lopez also filed a November 2010 "motion requesting legal documents" with the district court. This demonstrated correspondence with the district court indicates that he was aware that he could contact the court system, yet he offers no explanation for his failure to do so during the relevant time period. Nor has Lopez alleged that he sought help from anyone else or consulted with anyone regarding his attorney's alleged non-responsiveness. *See Drew*, 297 F.3d at 1289. Finally, Lopez received a copy of the decision on his direct appeal from his attorney on August 12, 2010, six days prior to the expiration of the statute of limitations on August 18, 2010. But Lopez offers no explanation for waiting almost one year before filing his §

7

2255 motion on August 4, 2011.

Because Lopez has not demonstrated that the district court was clearly erroneous in finding that Lopez failed to exercise reasonable diligence, we need not decide whether Lopez has established that his attorney's inaction was sufficiently egregious to qualify as an extraordinary circumstance. *See Hutchinson,* 677 F.3d at 1103. Lopez has not met his burden of showing that equitable tolling was warranted.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

**AFFIRMED.**