[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13512
_____

D.C. Docket No. 4:04-cv-03422-VEH-HGD


ROBERT BRYANT MELSON,

Petitioner - Appellant,


versus


COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 4, 2013)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Robert Bryant Melson appeals the district court's dismissal of his 28 U.S.C.

§ 2254 federal habeas corpus petition as untimely. The district court rejected

Melson's argument that the one-year statute of limitations for filing a federal habeas petition should be equitably tolled, finding that Melson was not reasonably diligent in pursuing his rights and that the conduct of Melson's attorneys did not constitute an extraordinary circumstance that warrants equitable relief.  After a review of the record and oral argument, we affirm.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

Melson was convicted of three counts of capital murder on April 26, 1996, and was sentenced to death on May 16, 1996.  On direct appeal, the Alabama Court of Criminal Appeals and the Alabama Supreme Court affirmed the conviction and sentence.  Melson v. State, 775 So. 2d 857 (Ala. Crim. App. 1999), aff'd Ex parte Melson, 775 So. 2d 904 (Ala. 2000).  The United States Supreme Court denied Melson's petition for a writ of certiorari on March 5, 2001.  Melson v. Alabama, 532 U.S. 907 (2001).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a state prisoner must file an application for a writ of habeas corpus in federal court within one year of the date that his state court judgment becomes final.  28 U.S.C. § 2244(d)(1).  However, the one-year deadline is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  Id. § 2244(d)(2).  Accordingly, Melson had to file a petition

2

under Rule 32 of the Alabama Rules of Criminal Procedure ("Rule 32 petition") by March 6, 2002, in order to toll the federal deadline.

Alabama does not provide counsel to indigent capital defendants in post-conviction proceedings and Melson was left unrepresented after the Supreme Court denied his petition for a writ for certiorari. Melson was assured by his former counsel that the Equal Justice Initiative, a non-profit organization, would find a volunteer attorney to take his case and file in both state and federal courts for habeas relief. In November 2001, Melson's former counsel told him that Ingrid DeFranco, an attorney from Colorado, had agreed to represent him. DeFranco was not licensed to practice law in Alabama, but met with Melson in December 2001 and promised him that she would obtain pro hac vice status through a local attorney. Melson did not hear from DeFranco again and wrote to her in February 2002 to inquire about his federal habeas petition, saying that he was losing sleep because he did not know whether the federal deadline had passed.

On March 4, 2002, two days before the AEDPA statute of limitations was due to run, DeFranco filed a Rule 32 petition in the Etowah County Circuit Court. However, DeFranco had not yet obtained pro hac vice status in Alabama and, further, had failed to verify the petition as required by the Alabama Rules of Criminal Procedure. See Ala. R. Crim. P. 32.6(a) ("A proceeding under this rule is commenced by filing a petition, verified by the petitioner or the petitioner's

3

attorney, with the clerk of court."). Consequently, the circuit court dismissed the petition as not properly filed. Melson points out that, although the circuit court order states that the Rule 32 petition was dismissed "due to lack of verification," any pleading filed by an out-of-state attorney who has not obtained pro hac vice status is to be stricken as a "nullity" under Alabama law. Black v. Baptist Med. Ctr., 575 So. 2d 1087, 1088 (Ala. 1991). Melson argues that the petition would have been stricken due to DeFranco's lack of pro hac vice status regardless of the verification and that he was effectively unrepresented by counsel, notwithstanding DeFranco's "filing."

DeFranco filed an amended Rule 32 petition with the proper verification on March 25, 2002, but this was after the federal deadline had already passed. She then associated local counsel, Loretta Collins, and obtained pro hac vice status. She forwarded a copy of the amended state petition to Melson along with a letter assuring him that all was well with his case. DeFranco did not inform Melson that the original Rule 32 petition had been dismissed or that, as a result, he had missed the deadline for tolling the AEDPA statute of limitations.

Because the amended Rule 32 petition was timely filed under Alabama law, it was considered by the state courts. However, the circuit court denied relief on October 17, 2002, holding that the petition failed to raise a material issue of fact or law, that it failed to state a claim for which relief could be granted, and that

4

Melson's claims were insufficiently pled. The clerk forwarded a copy of the dismissal order to Melson and, in December 2002, sent Melson a packet of documents informing him of his right to appeal the dismissal in state court. Melson testified at the evidentiary hearing that he did not understand what the dismissal order or documents meant. His lawyers, DeFranco and Collins, never properly filed a notice of appeal from the dismissal of the Rule 32 petition and Melson's appeal was dismissed as untimely on December 16, 2002. Neither DeFranco nor Collins ever informed Melson that his Rule 32 petition had been dismissed or that they missed the deadline for filing the notice of appeal, resulting in the dismissal of the appeal as untimely.

On February 11, 2003, the Alabama Attorney General's office sent a letter to Melson, informing him that his Rule 32 proceedings were complete and that the State planned to set an execution date unless Melson filed a federal habeas corpus petition, which, in the State's view, would be untimely. Melson testified that, until he received this letter, he was unaware that his Rule 32 petition and appeal had been dismissed. A few days after receiving the letter, Melson wrote to DeFranco on February 13, 2003, for an explanation. She responded on March 3, 2003, that Collins had failed to timely file the notice of appeal, that she was in the process of requesting an out-of-time appeal, and that she planned to file the federal habeas corpus petition after the state appeal was resolved. However, neither Melson nor

5

his attorneys took any action to file the federal petition until almost two years after Melson received the Attorney General's letter.

On December 13, 2004, Melson, through different counsel, filed a habeas corpus petition in federal court pursuant to 28 U.S.C. § 2254. This was more than two years after the federal AEDPA deadline had passed. The district court dismissed the petition as time-barred. This Court affirmed the dismissal. Melson v. Allen, 548 F.3d 993 (11th Cir. 2008). However, the U.S. Supreme Court vacated the decision and remanded the case to this Court for further consideration in light of Holland v. Florida, 130 S. Ct. 2549 (2010). Melson v. Allen, 130 S. Ct. 3491 (2010). This Court, in turn, remanded the case to the district court for an evidentiary hearing. Melson v. Allen, 611 F.3d 1380 (11th Cir. 2010). After conducting the hearing, the district court concluded that Melson's attorneys' conduct did not constitute an extraordinary circumstance warranting equitable tolling and that Melson did not exercise reasonable diligence in pursuing his federal petition. The district court dismissed Melson's habeas petition and Melson now appeals the dismissal.

## II.    DISCUSSION

A petitioner is entitled to equitable tolling of AEDPA's one-year filing deadline "if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

6

filing." Holland, 130 S. Ct. at 2562 (internal quotation omitted). Melson argues that his counsel's deficient performance amounted to an "extraordinary circumstance" warranting equitable relief because (1) DeFranco did not know the Alabama procedural rules for filing in state court and (2) she effectively abandoned him by failing to apply for pro hac vice status before attempting to file his Rule 32 petition.

First, although the Supreme Court has made clear that missing a filing deadline due to a miscalculation is a "garden variety claim" of attorney negligence that does not constitute an extraordinary circumstance, id. at 2564, Melson argues that DeFranco's failure to timely file his state Rule 32 petition was due not to a simple miscalculation, but to her complete lack of knowledge regarding Alabama's verification requirements. Melson contends that representing a death row inmate without knowing or bothering to learn the basic procedural rules for filing in state court is the type of egregious attorney misconduct that justifies a finding of extraordinary circumstances.

In addition, Melson argues, regardless of the quality of DeFranco's representation, when she unsuccessfully attempted to file Melson's original Rule 32 petition, thereby causing him to miss tolling the federal filing deadline, she had not yet obtained pro hac vice status and, therefore, was not licensed to practice law in Alabama. Consequently, although DeFranco purported to represent him, she did

7

not have the legal authority to act on Melson's behalf at the time that the AEDPA statute of limitations expired.  See Maples v. Thomas, 132 S. Ct. 912, 926 (2012); see also Black, 575 So. 2d at 1088 (holding that a pleading filed by an out-of-state attorney who had not obtained pro hac vice status in Alabama is to be stricken as a "nullity").  Collins, a local attorney, had not yet agreed to represent Melson when the AEDPA statute of limitations expired.  As a result, Melson argues that neither DeFranco nor Collins ever functioned as Melson's attorneys "in any meaningful sense of that word" before the AEDPA deadline expired—even though Melson had every reason to believe they were representing his interests—and thus DeFranco's "acts or omissions . . . cannot fairly be attributed to [him]."  Maples, 132 S. Ct. at 923 (internal quotation omitted).  Attorney abandonment, according to Melson, constitutes the type of gross professional misconduct that the Holland Court envisioned as an "extraordinary circumstance" warranting equitable tolling.

We find that we need not address Melson's arguments pertaining to whether his attorneys' conduct constituted an "extraordinary circumstance" because we agree with the district court that Melson did not exercise reasonable diligence in prosecuting his federal habeas case.  While a petitioner is only required to exercise "reasonable diligence," not "maximum feasible diligence," Holland, 130 S. Ct. at 2565, Melson took no independent steps to ensure that his federal habeas petition was timely filed.  Melson's state court judgment became final on March 5, 2001,

8

and DeFranco did not begin to represent him until November 2001. Melson made no independent effort during those eight months to locate post-conviction counsel or to file a federal habeas petition on his own. When Melson received a copy of the order dismissing his state Rule 32 petition and a notice of his right to appeal, he again took no action regarding his federal petition. Even when Melson was explicitly informed by the Attorney General's office in February 2003 that his federal petition would be untimely, he did not file in federal court until almost two years later in December 2004. While there is no hard and fast rule regarding what Melson should have done, it is clear that Melson's nearly complete inaction during the more than three and a half years that passed between when his state court judgment became final in March 2001 and when he filed his federal habeas petition in December 2004 is insufficient to establish reasonable diligence.

Accordingly, because Melson failed to demonstrate that he exercised reasonable diligence in pursuing his federal remedies, he is not entitled to equitable tolling of the AEDPA statute of limitations. We affirm the district's court dismissal of Melson's federal habeas petition as untimely.

**AFFIRMED.**

BARKETT, Circuit Judge, specially concurring:

I agree that, under our precedent, Melson cannot be said to have exercised "reasonable diligence" as required by <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2565 (2010).  However, I note again the difficulties of applying the <u>Holland</u> equitable tolling test to death row inmates.  <u>See</u> <u>Smith v. Comm'r, Ala. Dep't of Corr.</u>, 703 F.3d 1266, 1275-77 (11th Cir. 2012) (Barkett, J., dissenting); <u>Hutchinson v. Florida</u>, 677 F.3d 1097, 1103-11 (11th Cir. 2012) (Barkett, J., concurring).