BARKETT, Circuit Judge,
specially concurring:
I agree that, under our precedent, it cannot be said that the district court abused its discretion in dismissing Mr. Howell’s Rule 60(b)(6) motion. However, for the reasons articulated in my concurring opinion in Hutchinson v. Florida, 677 F.3d 1097 (11th Cir.2012) (Barkett, J., concurring), I continue to believe that it is unjust and inequitable to require death row inmates to suffer the consequences of their attorneys’ negligence. Moreover, *1262 this is another ease where a state’s wholly inadequate system for appointing or funding habeas counsel conspires with a thicket of complex state and federal habeas procedural rules to deny habeas petitioners the opportunity to have their substantive constitutional claims heard by a federal court. What results is a habeas system wherein unqualified and incompetent attorneys regularly fail to ably navigate the procedural waters established by state and federal statutes. This system, which consistently leads to death row inmates being denied ah opportunity to present non-frivolous ha-beas claims, is, in my view, antithetical to the promise of habeas corpus enshrined in the Constitution.
Here, Mr. Howell appears to have color-able claims that both his trial attorney, who fabricated death threats to be excused from representing Mr. Howell, and his initial habeas attorney, who did not even contact Mr. Howell until after his federal habeas deadline had passed, were incompetent, ineffective, and deeply unprofessional. I continue to believe that it is unconstitutional and immoral for death row inmates to lose a fundamental constitutional right because of their attorney’s errors, especially when they are as egregious as those we deal with here.