[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15178

_____

D.C. Docket No. 4:14-cv-00248-HLM

MICHAEL MCBEE,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 16, 2016)

Before ED CARNES, Chief Judge, ANDERSON, Circuit Judge, and
CHAPPELL,* District Judge.

PER CURIAM:

_____

    * Honorable Sheri Polster Chappell, United States District Judge for the Middle District
of Florida, sitting by designation.

Michael McBee, a Georgia prisoner, appeals the district court's sua sponte dismissal of his pro se 28 U.S.C. § 2254 petition as time-barred.  He acknowledges that he filed his petition after the statute of limitations expired, but contends that he is entitled to an evidentiary hearing on whether equitable tolling excuses his late filing.

McBee concedes, and we agree, that his petition was more than three years late.[1]  That means that the only way the district court could consider his petition would be if he were entitled to equitable tolling of the limitations period.  At oral argument McBee asserted that the district court should have held an evidentiary hearing on the equitable tolling issue.  But "[i]n a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing."  Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016).  A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary

---

[1] Based on the information that McBee, proceeding pro se, presented to the district court, that court concluded that McBee filed his § 2254 petition more than 15 years after the statute of limitations expired.  On appeal we appointed counsel, who presented to us more information about McBee's state court filings.  Those filings showed that McBee actually filed his § 2254 petition just over three years after the statute of limitations expired.

Although we accepted those supplemental filings, we note that under Rule 4 of the Rules Governing § 2254 Cases, the district court is required to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." We emphasize that our acceptance of McBee's supplemental state court record, filed on appeal, does not imply that the district court was obligated to do any independent research into the timeliness of McBee's § 2254 petition or to appoint counsel to do so.  A § 2254 petitioner must allege all of the facts on which he relies in his petition, and the district court may rely on those facts alone.  The court need not go beyond the face of the petition and any attached exhibits — it need not dig into the public record — in order to find out if there are facts that the petitioner has not alleged.

2

hearing on the issue.  And the allegations supporting equitable tolling must be specific and not conclusory."  Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012) (citation omitted).  McBee therefore needed to allege specific facts showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) (quotation marks omitted).  The diligence a petitioner must show is "reasonable diligence."  Id. at 653, 130 S. Ct. at 2565 (quotation marks omitted).

In this case we need not address whether McBee adequately alleged that "some extraordinary circumstance stood in his way and prevented timely filing" because he did not come close to alleging that "he has been pursuing his rights diligently."  Id. at 649, 130 S.Ct. at 2549.  He has never alleged, nor is there any indication in the record, that he contacted or attempted to contact either the state courts or his attorney to ask about the status of his postconviction proceedings.  He took no steps to ensure that his petition was timely filed, despite years of silence from his attorney and the courts.  Cf. id. at 653, 130 S. Ct. at 2565 ("Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [his attorney] — the central impediment to the pursuit of his legal remedy — removed from his case.  And, the very day

3

that Holland discovered that his [Antiterrorism and Effective Death Penalty Act] clock had expired due to [his attorney's] failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court."); Melson v. Comm'r, Ala. Dep't of Corr., 713 F.3d 1086, 1089–90 (11th Cir. 2013) (concluding that a petitioner did not act with diligence because he "took no independent steps to ensure that his federal habeas petition was timely filed . . . .  [I]t is clear that Melson's nearly complete inaction during the more than three and a half years that passed between when his state court judgment became final . . . and when he filed his federal habeas petition . . . is insufficient to establish reasonable diligence."). McBee has not met his burden of alleging specific facts showing that he acted with the diligence required to warrant equitable tolling.

**AFFIRMED.**

4