[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12242
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00137-JRH-BKE

MICHAEL BERNARD JONES,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 28, 2017)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Jones, a Georgia prisoner, appeals *pro se* the dismissal of his petition for a writ of habeas corpus as untimely. The district court ruled that Jones's application on collateral review for a certificate of probable cause to the Georgia Supreme Court was not "properly filed," 28 U.S.C. § 2244(d)(2), and did not toll the statute of limitations because he failed to file a notice of appeal in the Superior Court of Ware County. Jones argues that he is entitled to equitable tolling because he was not informed of the federal one-year limitations period and because he challenges the subject matter jurisdiction of the state trial court. We affirm.

We review *de novo* the dismissal of a petition for a writ of habeas corpus as untimely. *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

The Antiterrorism and Effective Death Penalty Act imposes a one-year period of limitation for a petition for a writ of habeas corpus filed by a state prisoner. 28 U.S.C. § 2244(d)(1). The limitations period runs from, among other things, the date a state prisoner's conviction becomes final, which is "at the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A); *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004). When a prisoner appeals to the highest court of a state, the conviction becomes final when the Supreme Court of the United States denies his petition for a writ of certiorari or when the period for filing that petition expires. *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). "The time during which a properly

2

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C § 2244(d)(2). To determine whether a state petition for collateral review has been "properly filed," we look to the state law governing that filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The Supreme Court has explained that state rules "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.*

Under Georgia law, a prisoner who seeks appellate review of the denial of a petition for collateral review must file both an application for a certificate of probable cause in the Georgia Supreme Court and a notice of appeal in the superior court:

> If an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief. The petitioner shall also file within the same period a notice of appeal with the clerk of the concerned superior court.

O.C.G.A. § 9-14-52(b). Both the application and the notice of appeal must be filed to invoke the jurisdiction of the Georgia Supreme Court. *Fullwood v. Sivley*, 517 S.E.2d 511, 514 (Ga. 1999).

3

A state rule governing filings must be "firmly established and regularly followed" before noncompliance will render a petition improperly filed under section 2244(d)(2). *Siebert v. Campbell*, 334 F.3d 1018, 1025 (11th Cir. 2003) (citation omitted). We have held that the Georgia rule provided by section 9-14-52(b) is a firmly established and regularly followed jurisdictional rule. *Wade v. Battle*, 379 F.3d 1254, 1260–61 (11th Cir. 2004) (no tolling of the federal limitation period where the Georgia prisoner's application for a certificate of probable cause was dismissed as untimely). And we defer to the decision of the Georgia Supreme Court that a prisoner's application failed to comply with section 9-14-52(b). *Id.* at 1262.

An otherwise untimely federal petition for habeas relief may be considered if a prisoner can establish that he is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). A prisoner is entitled to equitable tolling only if he has pursued his rights diligently and some extraordinary circumstance beyond his control prevented a timely filing. *Id.* The prisoner has the burden of establishing his entitlement to equitable tolling. *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012). A lack of a legal education or related confusion does not constitute an extraordinary circumstance for a failure to file a federal petition in a timely fashion. *See Rivers v. United States*, 416 F.3d 1319, 1322–23 (11th Cir. 2005). In *McQuiggin v. Perkins*, the Supreme Court held that an equitable

4

exception to the statute of limitations exists where the prisoner presents new evidence that establishes that "it is more likely than not that no reasonable juror would have convicted the petitioner." 133 S. Ct. 1924, 1933 (2013) (alteration and citation omitted). But this exception applies "only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (citation omitted).

The district court did not err. Jones filed his federal petition more than one year after his state conviction became final. Jones's application, on state collateral review, for a certificate of probable cause was not "properly filed," 28 U.S.C. § 2244(d)(2), and did not toll the running of the federal limitations period. The Georgia Supreme Court dismissed Jones's application because he failed to file a timely notice of appeal in the state superior court. And Jones failed to establish the existence of any extraordinary circumstances that prevented him from filing a timely petition in the district court. Jones's argument that the state trial court lacked jurisdiction presents, at most, a claim of legal innocence, not factual innocence, and does not excuse his failure to file his federal petition sooner. His petition was untimely.

**AFFIRMED.**

5