[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14052

Non-Argument Calendar

_____

DAVID VAHLKAMP,

                                                      Petitioner-Appellant,

*versus*

SECRETARY, DOC,

                                                      Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cv-00265-JES-NPM

_____

Before WILLIAM PRYOR, Chief Judge, NEWSOM and GRANT, Circuit Judges.

PER CURIAM:

David Vahlkamp, a Florida prisoner, appeals the dismissal of his petition for a writ of habeas corpus as untimely. 28 U.S.C. § 2254. We issued a certificate of appealability on the issue whether he is entitled to equitable tolling. We affirm.

Vahlkamp is serving a life sentence in Florida for the first-degree murder of his wife. The Second District Court of Appeal affirmed his conviction and denied his motion for rehearing on March 1, 2006.

About two months later, Vahlkamp retained attorney Charles Murray to file a motion for state postconviction relief. *See* Fla. R. Crim. P. 3.850. Murray filed the motion on February 27, 2008, but the state postconviction court struck it because it did not contain the required oath. Several months later, Murray filed a corrected motion and blamed his delay on "misunderstanding, secretarial mistake and . . . computer and docketing problems." In that motion, Vahlkamp alleged that his trial counsel was ineffective for failing to call unspecified witnesses to testify in support of his heat-of-passion defense.

The state postconviction court accepted the belated filing, struck the ineffective-assistance claim as facially deficient, and granted 30 days to amend. It later denied postconviction relief and

stated that Vahlkamp had failed to file an amended motion on the ineffective-assistance claim. Vahlkamp did not immediately appeal, but later retained new counsel. The Second District Court of Appeal permitted a belated appeal and affirmed.

In October 2012, while Vahlkamp's first postconviction motion was pending on appeal, he asked the state postconviction court to allow him to file an amended postconviction motion for his ineffective-assistance claim. He blamed Murray for failing to comply with the order to amend the claim. The state postconviction court held a hearing on whether to allow amendment. Vahlkamp testified that he received and signed a postconviction motion from Murray, but he did not know that the court later struck his ineffective-assistance claim and denied his motion. Murray testified that he filed several motions for Vahlkamp. Murray acknowledged receiving the order striking the ineffective-assistance claim and not filing an amended motion. The state postconviction court found that Murray's failure to file the amended motion was due to neglect and permitted Vahlkamp to file a belated motion on the claim, which he did on November 10, 2014.

In 2016, the state postconviction court held an evidentiary hearing on the ineffective-assistance claim, and in 2018, it denied relief on the merits. The Second District Court of Appeal affirmed and issued its mandate on April 29, 2020.

On April 14, 2020, Vahlkamp, through counsel, petitioned for a federal writ of habeas corpus and repeated his allegation of an ineffective-assistance claim. 28 U.S.C. § 2254. Vahlkamp

acknowledged that his petition was untimely but sought equitable tolling on the ground that Murray's gross negligence in filing his first state postconviction motion two years after his conviction became final amounted to an "extraordinary circumstance."

In an affidavit, Vahlkamp attested that before retaining Murray he received a letter from his trial counsel, Stephen Grogoza, advising that he must file his state postconviction motion within one year to preserve his federal habeas rights. Vahlkamp averred that he told Murray about Grogoza's letter and the federal deadline when he retained Murray who failed to communicate with him before the deadline expired. The State moved to dismiss the petition as untimely.

The district court dismissed the petition as untimely. It determined that the statute of limitations expired on May 30, 2007, before Vahlkamp filed any state postconviction motion that could toll the limitations period. It ruled that Vahlkamp was not entitled to equitable tolling because, regardless of whether Murray's failures amounted to "extraordinary circumstances," Vahlkamp did not exercise reasonable diligence to preserve his rights after retaining Murray. We granted a certificate of appealability to address whether the district court erred in that determination.

We review the dismissal of a petition for a writ of habeas corpus *de novo*. *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011). We review legal conclusions regarding equitable tolling *de novo* and factual findings for clear error. *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017).

Under the Antiterrorism and Effective Death Penalty Act of 1996, the one-year statute of limitations commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). A state postconviction motion filed after the expiration of the federal deadline does not revive it. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).

An otherwise untimely federal petition may be considered if a prisoner can establish that he is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quitable tolling is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Cadet*, 853 F.3d at 1221 (internal quotation marks omitted). A prisoner is entitled to equitable tolling only if he proves that he has been pursuing his rights diligently and that some extraordinary circumstance prevented his timely filing. *Holland*, 560 U.S. at 649. The petitioner bears the burden of proving entitlement to equitable tolling. *San Martin*, 633 F.3d at 1268. We require "reasonable diligence, not maximum feasible diligence." *Id.* at 1267 (internal quotation marks and citation omitted). A prisoner is not required "to exhaust every imaginable option, but rather to make reasonable efforts." *Smith v. Comm'r, Ala. Dep't of Corr.*, 703 F.3d 1266, 1271 (11th Cir. 2012) (citation omitted). A "determination regarding a party's diligence is a finding

of fact that will not be disturbed unless clearly erroneous." *San Martin*, 633 F.3d at 1265 (citation omitted).

The district court did not clearly err in determining that Vahlkamp failed to exercise reasonable diligence. Vahlkamp argues that he exercised reasonable diligence by telling Murray about Grogoza's letter and the one-year deadline to file his state postconviction motion. But after retaining Murray around May 2006, Vahlkamp had nearly a year remaining before the federal limitations period expired. Yet he made no effort to contact Murray or to determine if Murray had timely filed the state postconviction motion. *Smith*, 703 F.3d at 1271.

Vahlkamp's attempt to fault Murray for his delay misunderstands the nature of the diligence required for equitable tolling. Although Murray should have been more responsive, Vahlkamp bore the burden to prove that he, not his counsel, independently exercised reasonable diligence. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005). And Vahlkamp failed to satisfy this burden. He knew when the federal limitations period would expire because Grogoza sent him a letter advising him of the deadline. But, after retaining Murray, Vahlkamp made no effort to communicate about the upcoming deadline or to preserve his rights through other counsel or *pro se* action. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1072 (11th Cir. 2011). Vahlkamp's 13-year delay in filing his federal petition exhibited a lack of reasonable diligence. *See Melson v. Comm'r, Ala. Dep't of Corr.*, 713 F.3d 1086, 1089 (11th Cir. 2013). And Vahlkamp's argument that he is entitled to an

21-14052                Opinion of the Court                7

evidentiary hearing is outside the scope of his certificate of appeal-ability. *See Hodges v. Att'y Gen., State of Fla.*, 506 F.3d 1337, 1340-42 (11th Cir. 2007).

We **AFFIRM** the dismissal of Vahlkamp's petition for a writ of habeas corpus.