[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

—————————————

No. 11-15414
Non-Argument Calendar

—————————————

D.C. Docket No. 3:11-cv-00198-RBD-TEM

WILFORD LEE ROSS,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

—————————————

Appeal from the United States District Court
For the Middle District of Florida

—————————————

(April 22, 2013)

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Wilford Lee Ross, a Florida prisoner proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2254 habeas petition.  The district court thought the petition was barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Reversible error has been shown; we vacate the judgment and remand the case for additional proceedings.

Section 2254 petitions are governed by a one-year statute of limitations that begins to run on the latest of four triggering events.  28 U.S.C. § 2244(d)(1).  Two triggering events are pertinent to this appeal: (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"; and (2) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(A), (D).

Ross pleaded guilty to attempted sexual battery on 9 September 1999 and was sentenced to 23 years' imprisonment.[1]  His conviction and sentence became final on 12 October 1999, after the time for filing a direct appeal expired.  See Fla. R. App. P. 9.140(b)(3) (providing a 30-day period for filing a direct appeal).

---

[1] Ross was represented by the same court-appointed lawyer throughout the state criminal case.

2

In his federal habeas petition, Ross claimed that his lawyer was ineffective for failing to discover -- and for failing to tell Ross about -- a DNA report that showed that no DNA evidence was found on the victim.  According to Ross, his lawyer told him (or Ross's mother or both) that the state prosecutor had said that Ross's DNA was found on the victim.  When asked about an actual DNA report, Ross's lawyer told Ross that he was not aware that a DNA report existed.  The record shows, however, that a copy of the pertinent DNA report was hand-delivered to Ross's lawyer eight days before Ross pleaded guilty.  Ross asserted that, but for his lawyer's incorrect and confusing and misleading advice about DNA evidence and a DNA report, Ross would not have pleaded guilty.

That Ross's habeas petition -- filed on 28 February 2011 -- was filed more than one year after his judgment became final is undisputed.  But Ross argued that his petition was timely under section 2244(d)(1)(D) because less than one year of untolled time had elapsed since his discovering "new evidence."  Ross alleged that he began filing a series of public records requests in 2001 but received no copy of the pertinent DNA report until 27 October 2009.

The district court dismissed Ross's petition as time-barred under section 2244(d)(1)(A) because more than one year of untolled time had elapsed since Ross's conviction became final.  The district court concluded that Ross was unable

3

to extend the statute of limitations -- pursuant to section 2244(d)(1)(D) -- based on "newly discovered evidence."  Because the DNA report was hand-delivered to Ross's lawyer and also mentioned in a document that had been entered into the state court's docket before Ross pleaded guilty, the district court concluded that the report did not constitute "newly discovered evidence."[2]

We granted a certificate of appealability on one issue:

Whether the district court erred in finding that Ross's § 2254 petition was time-barred, based on its finding that the one-year statute of limitations period began to run on the date on which Ross's conviction became final, rather than on the date on which the factual predicate of Ross's claim could have been discovered through the exercise of due diligence, under § 2244(d)(1)(D).

We review de novo a district court's determination that a petition for federal habeas corpus relief is time-barred under 28 U.S.C. § 2244(d).  Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).[3]  In determining whether a habeas petition is timely under section 2244(d)(1)(D), courts must first address whether the petitioner exercised due diligence.  See Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002) (stating -- in the context of a nearly identical provision in 28 U.S.C. §

---

[2] The state court docket makes no mention of a DNA report.  Instead, the court docket lists a "First Supplemental Response to Demand for Discovery."  Within that "Response" document is a list of items that the state prosecutor provided to Ross's lawyer, including a "FDLE DNA Report."  The DNA report itself was not part of the public court record.

[3] In addition, we construe pro se pleadings liberally.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

4

2255(f)(4) -- that "the court should begin the timeliness inquiry . . . by determining whether the petitioner exercised due diligence.").

Because the district court looked to the date Ross's conviction became final, the district court erred in concluding that Ross's habeas petition was time-barred. Ross's ineffectiveness claim is based on a representation or nondisclosure made by his trial counsel. That the DNA report (one favorable to Ross) actually was in existence and that Ross's lawyer knew or should have known about the report at a time before Ross pleaded guilty do not bar Ross's claim: these circumstances are the underlying factual predicate for Ross's ineffectiveness-of-counsel claim. And, even if the existence of the DNA report might have been discovered from a review of the state court record at the time the lawyer made the alleged inaccurate representation to Ross, that fact alone does not bar Ross's claim. Ross -- when he had legal counsel as a matter of right -- did not act unreasonably in accepting his lawyer's representations. Ross had no legal duty to check the court record for himself (even assuming that he, in fact, could have done so),[4] at a time when Ross had a lawyer representing him in his case. Cf. Beavers v. Metro. Life Ins. Co., 566 F.3d 436, 440 (5th Cir. 2009) (noting that, under Texas law, an attorney -- as a fiduciary -- "is obligated to render a full and fair disclosure of facts material to the

---

[4] Ross was already incarcerated before his guilty plea.

5

client's representation. The client must feel free to rely on his attorney's advice." (citation omitted)); Golden Pac. Bancorp v. FDIC, 273 F.3d 509, 519 (2d Cir. 2001) (explaining that a "beneficiary should be entitled to rely upon a fiduciary's skill").

To determine the timeliness of Ross's habeas petition, therefore, the district court must first assess when Ross could have learned about his lawyer's ineffectiveness: that is, when Ross -- through the exercise of due diligence -- could have learned that his lawyer's representation was incorrect about no DNA report being available. This determination is tied to when Ross -- through the exercise of due diligence -- could have discovered that a DNA report (showing no DNA evidence) existed and was (or should have been) known by Ross's lawyer before Ross pleaded guilty.

Our impression of the record is that the statute of limitations, as a matter of law, must have begun to run at some time after Ross's conviction became final, that is, after the time when Ross was represented by the lawyer Ross says misled him. Up until that point at least, Ross says he did not know of the DNA report; and Ross had acted with due diligence, for he was relying on his lawyer's representations. The district court erred in concluding the limitations period began to run on the date Ross's conviction became final.

6

VACATED and REMANDED.[5]

---

[5] In dismissing Ross's claim, the district court noted that Ross "has failed to show how the fact that there was no DNA found on the victim would have in any way changed the outcome of his plea to the charge of attempted sexual battery."  Because our review is limited to the single timeliness issue presented in the COA, we will not address whether the district court commented improperly on the underlying merits of Ross's habeas claim.  We vacate the district court's decision completely, so -- to the extent proper and necessary -- the merits of Ross's claim can be looked at anew on remand.