[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12635
_____

D.C. Docket No. 4:13-cv-00014-HLM

BOB JAY COLE,

                                                            Petitioner–Appellant,

versus

WARDEN, GEORGIA STATE PRISON,

                                                            Respondent–Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 6, 2014)

Before FAY, Circuit Judge, and HODGES [*] and HUCK,[**] District Judges.

FAY, Circuit Judge:

_____

[*]Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of
Florida, sitting by designation.

Bob Jay Cole, a Georgia prisoner, appeals the dismissal of his 28 U.S.C. §

2254 habeas petition as untimely.  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Cole, represented by attorney Pat Clements, pled guilty to malice murder

and armed robbery in the Superior Court of Catoosa County, Georgia, on April 1,

1991.[1]  He was sentenced to two, concurrent life sentences.  Cole did not file a

---

[**]Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

[1] In 1990, 16-year-old Cole shot and killed Benjamin West during a robbery.  He was indicted as an adult for malice murder and armed robbery.  The plea form Cole signed in the presence of his attorney stated, by pleading guilty, he would "give up all the Constitutional rights just outlined to you [by the judge]," including:

  a. The right to the presumption of innocence.
  b. The right to trial by jury.
  c. The right to a speedy and public trial.
  d. The right to see, hear and question all the witnesses against you.
  e. The right to have a qualified lawyer defend you before, during and after the trial.
  f. The right to have the trial judge order into court all the witnesses in your favor.
  g. The right at the trial to present evidence in your favor and you may testify for yourself, or if you wish, you may remain silent.
  h. The right to have the State prove your guilt to a moral and reasonable certainty and beyond a reasonable doubt.

Appendix ¶¶ 7, 20 (Guilty Plea, Apr. 1, 1991).  Cole's plea counsel, who also signed the plea form, testified in the state-habeas-evidentiary hearing his standard procedure was to discuss with his client each of the constitutional rights being waived, before the defendant signed the plea form.  Habeas Corpus Hr'g Tr. at 35, 36 (May 20, 2009).  Counsel then tendered the plea form to the judge, who reviewed the constitutional rights the defendant was foregoing, before taking the guilty plea.  *Id.* at 45.

While the plea form, signed by Cole, is part of the state-court record, neither party has produced a transcript of his plea proceeding.  The Superior Court Clerk and the court reporters did not have recordings from which the plea transcript could be prepared.  In addition, Cole's plea counsel did not have a plea transcript, the presiding judge's usual court reporter had died in

2

direct appeal.  On June 18, 2008, he filed a pro se Motion to Void Indictment and

Conviction as Being Unconstitutional, which was denied in the Superior Court of

Catoosa County.  Order Denying Mot. to Void Indictment & Conviction (Ga.

Super. Ct. July 1, 2008).

More than seventeen years after his guilty plea, Cole filed a counseled state

habeas petition in the Superior Court of Tattnall County on July 1, 2008.[2]  He

asserted three bases for his petition relative to his guilty plea.  First, he argued he

did not knowingly, intelligently, and voluntarily waive his constitutional rights

under *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709 (1969).[3]  Second, he

contended his plea was not knowing, intelligent, and voluntary, because he alleged

he was informed by his counsel and the trial judge he would serve only seven years

---

1999, and neither Cole's plea counsel nor the district attorney at the time had an independent recollection of the 1991 plea proceeding.  Final Order Dismissing Cole's State Habeas Pet. at 7 (Ga. Super. Ct. Mar. 28, 2012).  On these facts, the state judge found a transcript of the plea proceeding was unavailable through no fault of the state.  *Id.* at 7-9.

[2] In his Final Order, the Tattnall County Superior Court judge notes: "July 1, 2008, was the absolute last day on which Petitioner could have filed a petition challenging his 17-year-old convictions and sentences under the four-year 'grace period' of the statute of limitations set forth in O.C.G.A. § 9-14-42(c)."  Final Order Dismissing Cole's State Habeas Pet. at 2 n.1.  Cole initially filed his state petition pro se.  He subsequently acquired pro bono counsel and thereafter has been represented by counsel.

[3] A petitioner's constitutional rights under *Boykin* are the privilege against self-incrimination, the right to a jury trial, and the right to confront accusers.  395 U.S. at 243, 89 S. Ct. at 1712.

3

of his life sentences before being released on parole.[4]  Third, he asserted his plea counsel was ineffective, because he wanted to use a "battered spouse" defense,[5] which Cole had rejected and was offered no alternative.

The state judge conducted an evidentiary hearing on May 20, 2009, after which Cole was permitted to supplement the record with additional exhibits. Another evidentiary hearing was held on September 22, 2010.  A third hearing occurred on January 31, 2012.  On March 26, 2012, the state judge granted respondent's motion to dismiss, based on the laches provision of O.C.G.A. § 9-14-48(e).[6]  Cole applied for a certificate of probable cause to appeal to the Georgia Supreme Court, which denied his application on November 19, 2012.  *Cole v. Upton, Warden*, No. S12H1432 (Ga. Nov. 19, 2012).

On January 18, 2013, Cole filed a counseled federal habeas petition in the Northern District of Georgia under 28 U.S.C. § 2254.  He pursued the same arguments he had presented in state court.[7]  Respondent moved to dismiss his

---

[4] In his Final Order, the Tattnal County Superior Court judge states: "The only witness who purports to recall the plea proceeding and counsel's advice regarding parole is, conveniently enough, Petitioner himself."  Final Order Dismissing Cole's State Habeas Pet. at 7.

[5] Cole testified at the May 20, 2009, evidentiary hearing in state court he had been molested by Ben West.  Habeas Corpus Hr'g Tr. at 19 (May 20, 2009).

[6] In his final order, the state judge recognizes: "Petitioner has presented no evidence as to why he waited 17 years to file this petition. *All of his grounds are based on matters occurring prior to or at the April 1991 plea proceeding*."  Final Order Dismissing Cole's State Habeas Pet. at 10 (emphasis added).

[7] Cole included a fourth basis for his federal habeas petition: the handling of his habeas petition in state court had denied him due process.  As the magistrate judge correctly noted, this

habeas petition as untimely. Cole contended his petition was timely under 28 U.S.C. § 2244(d)(1)(D),[8] because the statute of limitations is unconstitutional on the facts of his case, and he was entitled to equitable tolling.[9] In his Final Report and Recommendation, the magistrate judge noted Cole had until April 24, 1997, to file his habeas petition. Cole, however, did not file his federal habeas petition "until January 18, 2013, more than fifteen years" after the limitations period had expired. Final Report & Recommendation at 4. While the magistrate judge rejected Cole's arguments for habeas relief, he recommended the district judge grant him a certificate of appealability ("COA"), regarding whether his petition was timely under § 2244(d)(1)(D) or amenable to equitable tolling.

In adopting the magistrate judge's Report and Recommendation, the district judge noted that Cole's objections relied on his contention he did not discover the

---

basis for relief is not cognizable on federal collateral review. Final Report & Recommendation on Cole's Habeas Pet. at 3 n.3. *See Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."). In neither his state nor federal habeas proceedings has Cole claimed actual innocence.

[8] A § 2244 habeas petition is subject to the statutory, one-year limitations period. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations for federal habeas petitions, however, can be tolled for four specified circumstances, whichever occurs latest. *Id.* The subsection Cole references specifies commencement of the one-year limitations period on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

[9] Cole's reasons for arguing he is entitled to equitable tolling are that he pled guilty as a minor and was incarcerated thereafter. He discovered the alleged *Boykin* violation in prison in September 2007, when he overheard an inmate librarian discussing *Boykin*. Cole then researched his *Boykin* rights in prison and decided to challenge his guilty plea. He represents he had no reason to think his constitutional rights had been violated, because the state judge, who took his plea, failed to advise him of them.

5

factual predicate for his *Boykin* claim until September 2007.  The judge concluded Cole's § 2254 petition was untimely under § 2244(d)(1)(D), because Cole knew the facts underlying his claims, when he pled guilty in 1991.  "[A]lthough this conclusion appears harsh, the plain language of § 2244(d)(1)(D), which the Court is not free to ignore or change, requires it."  Order Denying Habeas Relief at 15.

The district judge noted Cole based his equitable tolling argument on his age, when he pled guilty, and confinement, which he claims prevented him from discovering his *Boykin* rights earlier.  He concluded the statutory limitations period did not commence when Cole discovered the alleged *Boykin* violation in September 2007.  The judge recognized Cole had become an adult after his 1991 plea, and he could have used the prison law library to research his case before the statutory limitations period expired in 1997.  He further determined that accepting Cole's unconstitutionality argument "would turn the one-year limitations period on its head."  *Id.* at 25.  Because he "was not reasonably diligent in discovering and pursuing the factual predicate of his claims," the judge also concluded Cole's case did "not present the extraordinary circumstances required to warrant equitable tolling."  *Id.* at 21-22.

The district judge granted respondent's motion to dismiss Cole's § 2254 habeas petition.  He also issued a COA for two issues: "(1) whether the § 2254 Petition is timely under 28 U.S.C. § 2244(d)(1)(D); and (2) if the § 2254 Petition is

not timely under that provision, whether Petitioner is entitled to equitable tolling."
*Id.* at 27. This appeal followed.

## II. DISCUSSION

Cole argues he discovered the violation of his *Boykin* rights relative to § 2244(d)(1)(D) on an unspecified date in September 2007, when he overheard an inmate librarian discussing them. He contends both the judge, who took his guilty plea, and his counsel failed to advise him of his *Boykin* rights, precluding his knowledge of them and his ability to have waived them by pleading guilty. Alternatively, he seeks equitable tolling, based on his minority at his plea and incarceration thereafter.

A.  Statutory Limitation and 28 U.S.C. § 2244(d)(1)(D)

With the "overriding purpose" of achieving finality in federal and state criminal cases, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011). AEDPA establishes a one-year statute of limitations for a state prisoner to file a § 2254 habeas petition. 28 U.S.C. § 2244(d)(1). Since Cole's conviction became final before April 24, 1996, the effective date of AEDPA, he had until April 24, 1997, to file his federal habeas petition. *Moore v. Campbell*, 344 F.3d 1313, 1319-20 (11th Cir. 2003) (per curiam). Cole did not file his § 2254 petition until January 18, 2013.

7

In keeping with its finality purpose, § 2244(d)(1) restricts a state prisoner's limitations period for filing a § 2254 habeas petition to one year, which begins to run "'from the latest of' four specified dates."[10] *Gonzalez v. Thaler*, 132 S. Ct. 641, 652 & n.9 (2012) (quoting 28 U.S.C. § 2244(d)(1)). The issue and subsection we address pursuant to the COA is whether Cole's one-year limitations period should have begun in September 2007, when he represents he discovered the alleged *Boykin* violations that occurred at his plea proceeding, which he argues is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). We review de novo a district judge's dismissal of a habeas petition as time-barred under § 2244(d). *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). In contrast, our review of the judge's determination of relevant facts is for clear error. *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011).

---

[10] The statute of limitations is commenced by the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In statutory construction, "[i]t is our duty to give effect, if possible, to every clause and word of a statute." *Duncan v. Walker*, 533 U.S. 167, 174, 121 S. Ct. 2120, 2125 (2001) (internal quotation marks omitted). "Section 2244(d)(1)(D) runs the [statute-of-limitations] clock from 'the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932 (2013) (ellipsis in original). The analysis of "factual predicate" and "due diligence" in § 2244(d)(1)(D) is symbiotic. The factual predicate first must be determined to give meaning to due diligence in discovering the claim for a particular petitioner's case.

"[I]t should go without saying that a factual predicate must consist of *facts*. Conclusions drawn from preexisting facts, even if the conclusions are themselves new, are not factual predicates for a claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012). The "factual predicate" also has been referenced as the underlying "vital facts" of a petitioner's claim. *See, e.g.*, *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) ("The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered."); *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) ("The factual predicate of a claim could have been discovered when a petitioner knows or should have known through due diligence the vital facts underlying the claim." (internal quotation marks omitted)); *McAleese*

9

*v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007) ("Though the AEDPA does not define 'factual predicate,' we have held that section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if *vital facts* could not have been known." (second internal quotation marks and alteration omitted)); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Section 2244(d)(1)(D) gives defendants the benefit of a later start if vital facts could not have been known by the date the appellate process ended.").[11]

Comparing § 2244(d)(1)(D), applicable to state habeas prisoners, to 28 U.S.C. § 2255(f)(4),[12] applicable to federal habeas prisoners, the Supreme Court has noted: "'Due diligence . . . is an inexact measure of how much delay is too much.'" *Walker v. Martin*, 131 S. Ct. 1120, 1129 (2011) (alteration omitted) (quoting *Johnson v. United States*, 544 U.S. 295, 309, n.7, 125 S. Ct. 1571, 1581,

---

[11] Our recognition of factual predicates, consisting of newly discovered evidence resulting in a later start date for the one-year, statute of limitations, has been limited. *See, e.g.*, *Day v. Hall*, 528 F.3d 1315, 1317 (11th Cir. 2008) (per curiam) (date of decision of state parole board); *Rivers v. United States*, 416 F.3d 1319, 1322 (11th Cir. 2005) (per curiam) (vacatur of prior state conviction); *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002) (prisoner's receipt of appellate brief, resulting in discovery of attorney's failing to file an appeal); *see also Ross v. Sec'y, Fla. Dep't of Corr.*, 517 Fed. Appx. 731, 733-34 (11th Cir. 2013) (per curiam) (unpublished but recognized for persuasive authority) (dismissal of § 2254 petition in habeas case involving guilty plea for attempted sexual battery with 23-year imprisonment sentence vacated under § 2244(d)(1)(A), (D), because of subsequent discovery of exonerating DNA report hand-delivered to defense attorney eight days before defendant pled guilty, which attorney failed to provide to defendant or state prosecutor).

[12] For federal prisoners, the analogous provision to § 2244(d)(1)(D) for state prisoners, provides the habeas limitations period for filing their petitions commences on "the date on which the [supporting] facts . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

n.7 (2005)).  Therefore, the due diligence required of a state prisoner in filing a §

2254 habeas petition must be determined on a case-by-case basis relative to the

factual predicate.  The Seventh Circuit has decided an analogous case, because it

involves two petitioners, who were serving state imprisonment sentences following

guilty pleas and alleged they subsequently learned in prison they were subject to a

three-year term of mandatory supervised release ("MSR"), defeating their plea

bargains in violation of *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495

(1971).[13]  *Villanueva v. Anglin*, 719 F.3d 769 (7th Cir. 2013).  At each petitioner's

plea proceeding, the judge told the petitioner he would have MSR following his

imprisonment term; each still said he wanted to plead guilty.  *Id.* at 771-72.

Villanueva's conviction became final on October 21, 2004; he allegedly

learned of the MSR term from another inmate on December 15, 2006.  *Id.* at 772.

Serrano's conviction became final on July 5, 2002; he did not identify the date he

learned of the MSR from a prison counselor.  *Id.*  Although petitioners filed their §

2254 habeas petitions "well outside" the one-year statute of limitations under §

2244(d)(1), they argued the statute of limitations should be tolled under §

2244(d)(1)(D), based on their subsequent learning of the MSR term while in

---

[13] Petitioner Villanueva had pled guilty to one count of first-degree murder and received a 25-year imprisonment term; petitioner Serrano had pled guilty to one count of attempted first-degree murder and one count of cannabis possession and received a 14-year imprisonment term on the attempted-murder charge and a consecutive 1-year term on the possession charge. *Villanueva v. Anglin*, 719 F.3d 769, 771 (7th Cir. 2013).  Their respective plea agreements did not mention the state three-year, mandatory MSR terms following their imprisonment terms. *Id.* at 771.

prison.  *Id.* at 774.  The Seventh Circuit determined "due diligence is equivalent to a rule of inquiry notice," because the respective judges' warning petitioners at their plea proceedings they were subject to MSR "was all the notice they needed."  *Id.* (internal quotation marks and alteration omitted).  "Regardless of when Serrano and Villanueva assert they learned of the MSR requirement, *they could have learned of it on the day they were sentenced had they used due diligence*."  *Id.* (emphasis added).  Although the petitioners were not given the precise MSR term at sentencing, the Seventh Circuit noted "a reasonably diligent defendant would have, under the circumstances, asked the sentencing judge or his attorney about the mandatory term."  *Id.*  The court did not address the merits of the petitioners' claims, which were barred by the AEDPA statute of limitations.[14]  *Id.* at 774-75.

We conclude inquiry-notice analysis applies to Cole's contention he was deprived of being informed of his *Boykin* rights at his plea proceeding.  While the transcript of his plea proceeding is not part of the record on appeal, *see* note 1, it does contain the written plea form Cole signed in the presence of his attorney.  The *Boykin* rights to a jury trial, to confront his accusers, and not to incriminate himself

---

[14] The Seventh Circuit clarified that a petitioner claiming not to have known at sentencing that MSR was part of his sentence "confuses the critical question."  *Villanueva*, 719 F.3d at 775.  "For limitations purposes, the question is whether, given the state judge's statements during the plea and sentencing hearing, he *could* have known had he exercised due diligence."  *Id.*

together with his other constitutional rights are stated on the plea form Cole signed.[15]  Appendix (Guilty Plea, Apr. 1, 1991).

Cole has not represented that he cannot read or that he has a mental deficiency, which would have prevented him from understanding the plea form he signed in 1991.  Therefore, he cannot say he was not informed of his *Boykin* rights at his plea proceeding.  If he had questions about any rights he was relinquishing by pleading guilty as stated on the plea form, he could have consulted with his attorney at the time of his plea or before he signed the form.  His signature verified he agreed and understood the rights he was foregoing by pleading guilty.

Consequently, Cole knew or should have known at the time of his plea the *Boykin* rights he claims he discovered in prison from an inmate librarian in September 2007.  "Section 2244(d)(1)(D) follows the norm for a federal statute of limitations.  Time begins when the prisoner knows (or through diligence could discover) the important facts, *not when the prisoner recognizes their legal significance*."  *Owens*, 235 F.3d at 359 (emphasis added); *see Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (recognizing the AEDPA limitations period regarding § 2244(d)(1)(D) runs from the latest of "the date on which the factual predicate of the claim or claims presented *could have been*

---

[15] Unlike a trial, the taking of a guilty plea is a discrete and straightforward proceeding, which effectuates a decision a defendant already has made in consultation with counsel.  Cole's signed plea form memorializes his understanding of all the constitutional rights he was relinquishing by pleading guilty, including his *Boykin* rights.

13

*discovered through the exercise of due diligence*" (emphasis added) (internal quotation marks omitted)); *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("By its language, the one-year period of limitation commences under section 2244(d)(1)(D) when the factual predicate of a claim could have been discovered through the exercise of due diligence, *not when it actually was discovered*." (emphasis added)).  Cole's § 2254 habeas petition is barred by inquiry notice evidencing lack of due diligence under § 2244(d)(1)(D) and AEDPA's one-year statute of limitations, which "quite plainly serves the well-recognized interest in the finality of state court judgments."[16]  *Duncan*, 533 U.S. at 179, 121 S. Ct. at 2128.  The district judge correctly decided Cole's § 2254 petition was untimely under § 2244(d)(1)(D).

B. Equitable Tolling

Even if Cole's habeas petition was untimely under § 2244(d)(1)(D), he alternatively argues he is entitled to equitable tolling of the statutory filing date. Because "the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar," the Supreme Court has held § 2244(d) "does not bar the application of equitable tolling in an appropriate case." *San Martin*, 633 F.3d at 1267 (citing *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 2560 (2010)).

---

[16] "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, in this case more than seven years, while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998).

14

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649, 130 S. Ct. at 2562 (internal quotation marks omitted). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly."[17] *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014) (internal quotation marks omitted).

While we review de novo a district judge's decision to deny equitable tolling for a § 2254 petition, we review relevant factual determinations for clear error. *San Martin*, 633 F.3d at 1265. Equitable tolling is assessed on a case-by-case basis, considering the specific circumstances of the subject case. *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012); *see Holland*, 560 U.S. at 649-50, 130 S. Ct. at 2563 (clarifying "the exercise of a court's equity powers must be made on a case-by-case basis" (internal quotation marks and ellipsis omitted)). The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory. *Hutchinson*, 677 F.3d at 1099. "The diligence required for equitable tolling purposes is reasonable

---

[17] In analyzing habeas petitions, we have applied equitable tolling in few situations. *See, e.g.*, *Spottsville v. Terry*, 476 F.3d 1241, 1243, 1245 (11th Cir. 2007) (determining equitable tolling permissible, when state court misled pro se petitioner by instructing him to file his appeal in the incorrect state court); *Knight v. Schofield*, 292 F.3d 709, 710 (11th Cir. 2002) (per curiam) (notifying petitioner 18 months after state-court decision, when clerk had promised to inform petitioner promptly of the decision).

15

diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653, 130 S. Ct. at 2565 (internal citation and quotation marks omitted); *see Smith v. Comm'r, Ala. Dep't of Corr.*, 703 F.3d 1266, 1271 (11th Cir. 2012) (per curiam) (acknowledging petitioners are not required "to exhaust every imaginable option, but rather to make reasonable efforts" (internal quotation marks omitted)). Determining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on "how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008). A habeas petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or sentencing. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Cole has failed to show learning of his *Boykin* rights from an overheard conversation of an inmate librarian was an extraordinary circumstance warranting equitable tolling for his delayed filing of his habeas petition for more than fifteen years from the expiration of his AEDPA statute of limitations. He has not demonstrated he exercised reasonable diligence in pursuing discovery of his *Boykin* rights, when he had signed the plea form stating these rights at his plea proceeding. Consequently, he has not manifested a nexus between his alleged extraordinary circumstance and the late filing of his § 2254 petition, required for

16

equitable tolling. *See San Martin*, 633 F.3d at 1270-71. Cole has made no new factual arguments in his § 2254 petition to support equitable tolling as his alternative basis permitting him until September 2007 from which to count his one-year period for filing his habeas petition.[18] "Recharacterizing [petitioner's] argument as a request for 'equitable tolling' adds nothing; § 2244(d)(1)(D) is itself a kind of tolling rule, and it would be inappropriate for the judiciary to add time on a theory that would amount to little more than disagreement with the way Congress wrote § 2244(d)." *Owens*, 235 F.3d at 360 (citation omitted). The district judge did not clearly err in determining Cole was not entitled to equitable tolling on these facts and dismissing his habeas petition on that basis.

**AFFIRMED.**

---

[18] Despite being a minor when he pled guilty, Cole was represented by counsel, and he became an adult within the year following his plea. His Prisoners Personal History Sheet shows his birthdate as November 14, 1973. Resp't's Ex. 2 at 130. Cole was 23 on April 24, 1997, the date by which he had to file his federal habeas petition, and the court reporter of the state judge, who took his guilty plea, was alive and may have been able to prepare a transcript of Cole's plea proceeding. During his incarceration, Cole had access to the prison law library, which he apparently used to file his pro se Motion to Void Indictment and Conviction as Being Unconstitutional on June 18, 2008, in the Superior Court of Catoosa County, because he cited *Boykin* progeny. *Boykin*, a seminal Supreme Court case for defendants, was decided in 1969, well before Cole pled guilty and was imprisoned. The *Boykin* rights, however, of which he claims he was not informed at his plea proceeding, were stated on the printed plea form he signed to plead guilty in 1991.

# APPENDIX

STATE OF GEORGIA

vs.

Bob J. Cole

INDICTMENT NOS. 90CR20547

Murder + Armed Robbery

Catoosa  SUPERIOR COURT

## PLEA OF GUILTY

1. Defendant's full name Bob Jay Cole                    Age 17

2. Defendant's attorney's full name Pat Clements

3. Have you told your attorney all the facts about your case(s)? Yes

4. Do you want more time to talk with your attorney? No

5. Can you read and write? Yes  Highest grade attended in school 9th

6. Do you understand that you are charged with Murder + Armed Robbery

7. Do you understand that the minimum sentence is Life

8. Do you understand that the maximum sentence is 2 Life consecutive

9. Do you understand that a maximum fine of $_____ plus court costs and Peace Officer's fees may be imposed? _____

10. Do you want the Court to read the indictment(s) to you or explain anything that is contained therein? No

11. Are you now under the influence of any alcoholic beverage, narcotics or drugs? No

12. Has the District Attorney (or an assistant), your lawyer, any policeman, law officer or anyone else, including the judge, made any promises, threats, or coerced you or brought any pressure upon you or any member of your family, to get you to plead guilty? No

13. Has anyone promised you any easier treatment or a lesser sentence if you pleaded guilty? No

14. Has the attorney been furnished a copy of the indictment(s) and a list of witnesses? Yes

15. Mr. __(Attorney)__ do you feel that your client fully understands each charge against him in the indictment(s)? Yes

16. Mr. __(defendant)__ to the charge(s) you have the legal right to plead not guilty, and, in the discretion of the Court you have the right to plead guilty. Do you understand that? Yes

17. If you tell the Judge that you are not guilty of the offense(s), then you have the following Constitutional rights:

    a. The right to the presumption of innocence.
    b. The right to trial by jury.
    c. The right to a speedy and public trial.
    d. The right to see, hear and question all the witnesses against you.
    e. The right to have a qualified lawyer defend you before, during and after the trial.
    f. The right to have the trial judge order into court all the witnesses in your favor.
    g. The right at the trial to present evidence in your favor and you may testify for yourself, or if you wish, you may remain silent.
    h. The right to have the State prove your guilt to a moral and reasonable certainty and beyond a reasonable doubt.

18. Mr. ___(defendant)___ do you understand these rights? ___yes___

19. Mr. ___(lawyer)___ in your opinion does your client understand these rights? ___yes___

20. If you plead guilty you will give up all the Constitutional rights just outlined to you. You will also give up your defenses to the charges. Do you understand this? ___yes___

21. If you plead not guilty, but the jury found you guilty, the jury would not fix your sentence. The sentence would be fixed by the trial judge. If you plead guilty to this offense then the judge could impose any sentence that could be imposed if you were found guilty by the jury. Do you understand that? ___yes___

22. Do you understand that the judge could sentence you to consecutive sentence(s) to any sentence you may now be serving or consecutive sentence(s) in these case(s)? ___yes___

23. Is there anything about these proceedings that you do not understand or wish to have explained further, or do you have any other questions? ___No___

24. What plea negotiations have you had with the District Attorney and what does the State's counsel recommend in the case(s)?
___2 Life Concurrent___
_____
_____

25. Mr. ___(defendant)___ do you understand and realize that the Court is not bound to follow this recommendation by the State? ___yes___

26. Mr. ___(defendant)___ outside of this recommendation by the State, has anyone offered you any benefit, hope or reward to plead guilty rather than not guilty? ___No___

27. How do you plead to the charge(s), guilty or not guilty? ___guilty___

28. Is your plea of guilty freely and voluntarily made? ___yes___

29. Are you in fact guilty of the offense charged in this indictment? ___yes___

30. Do you understand your rights of appeal provided you do so within 30 days? ___yes___ And if you cannot afford a lawyer, one would be appointed to represent you.

31. Do you understand that if the sentence is 5 years or more you have the right to have your sentence(s) reviewed by the Sentence Review Panel; provided you ask for the review within 10 days? ___yes___

This ___1___ day of ___April___, 19_91_.

_____
Defendant

_____
Attorney for Defendant