**NOT FOR PUBLICATION**

OCT 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| OLGA PERESTORONINA, | No. 15-35672 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01410-BAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary A. Theiler, Magistrate Judge, Presiding

Submitted October 17, 2017 [**]

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Olga Perestoronina appeals the district court's decision affirming the

Commissioner of Social Security's denial of Perestoronina's application for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

supplemental security income under Title XVI of the Social Security Act.  We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

Perestoronina contends that she established that she was not able to perform her past relevant work as a phlebotomist.  We disagree.  The ALJ erred in basing the Step Four determination that Perestoronina was able to perform her past relevant work as she actually performed it on the vocational expert's erroneous reliance on a description of Perestoronina's past work that reflected demands that exceeded the residual functional capacity ("RFC") assessment's limitation to occasional stooping.  *See* SSR 82-61, 1982 WL 31387 at *2 (explaining that, when evaluating whether a claimant retains the ability to perform "the particular functional demands and job duties peculiar to an individual job as he or she actually performed it," the claimant should be found to be not disabled if "the evidence shows that a claimant retains the RFC to perform the functional demands and job duties of a particular past relevant job as he or she actually performed it.").  However, that error was harmless, because substantial evidence supports a comparison of Perestoronina's RFC with the demands of her past work, as she actually performed it, to determine that Perestoronina was capable of performing her past relevant work as a phlebotomist.

It is permissible for an ALJ to rely on a claimant's descriptions of her past work to "define" that past work as actually performed. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). Having assessed Perestoronina's statements about her abilities as credible only to the extent that they were consistent with the residual functional capacity ("RFC") assessment, the ALJ permissibly inferred at Step Four that Perestoronina was able to perform her past relevant work as a phlebotomist as far as she had credibly described it. *See Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987) ("The general rule is that conflicts in the evidence are to be resolved by the Secretary."); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (explaining that an ALJ may "draw inferences logically flowing from the evidence"). Because substantial evidence supports the ALJ's Step Four determination, any error in relying on the vocational expert's testimony is harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." (quotation marks and citations omitted)). As a result, Perestoronina has not met her burden of establishing that the demands of her past work as actually performed exceed the limitations adopted by the ALJ in her RFC assessment. *See Pinto*, 249 F.3d at 844 ("At step four, claimants have the burden of showing that they can no longer perform their past relevant work.").

3

**AFFIRMED.**