[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12665
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cv-01424-CEH-JSS

WALTER N. RHODES, JR.,

                                                          Petitioner - Appellant,

versus

HARDEE CI WARDEN,
FLORIDA PAROLE COMMISSION,
SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                                          Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 16, 2018)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

The petitioner, Walter Rhodes, Jr., appeals the dismissal of certain claims in his federal habeas petition that were determined to be time-barred under 28 U.S.C. § 2244(d)(1). We affirm the dismissal of those claims because the petitioner did not initiate collateral state proceedings until more than a year after the decision of the parole board became final. *See id.* § 2244(d)(1)(A).

## I.

In 1969, the petitioner was convicted of assault with intent to commit robbery in Florida state court. He received a sentence of seven and one-half years in prison. The Florida Parole Commission ("FPC") released him on parole on January 22, 1974.

While out on parole, the petitioner was convicted of second degree murder and kidnapping on April 28, 1976, again in Florida state court. He received a life sentence. The FPC revoked his parole for the previous convictions on November 18, 1976.

In 1977 and 1981, the petitioner was twice convicted of attempted escape from prison. For those convictions, he received sentences of fifteen and five years to run consecutively with his other sentences.

The FPC released the petitioner on parole a second time on April 12, 1994. On December 22, 1994, however, the FPC issued a warrant for his arrest after he failed to report for treatment. He eluded capture for over a decade, until he was

2

convicted of perjury in the state of Washington.[1]  The petitioner served a sentence in Washington for this conviction.  He was then removed to Florida on account of his parole violations.

During a hearing on October 3, 2005, the petitioner pled guilty to various parole violations.  The FPC revoked his parole on November 9, 2005 and imprisoned the petitioner to serve the remainder of his sentences.  On May 17, 2006, the FPC established his presumptive parole release date to be February 4, 2047 and set his next parole interview date for January 2011.  The petitioner sought administrative review of this decision on July 4, 2006.  The FPC denied his request for review on September 22, 2006, which rendered its parole decision final.

Over a year later, on December 24, 2007, the petitioner applied for a writ of mandamus in the Second Judicial Circuit for Leon County, Florida.  He challenged the revocation of his parole, his presumptive parole release date, and the date of his next parole interview.  At the FPC's request, the state court granted a remand so that the FPC could recalculate the presumptive parole release date.  On August 6, 2008, the FPC recalculated the petitioner's presumptive parole release date as June

---

[1] The petitioner was sentenced to thirty-three months of prison in Washington for perjury. It seems that he did not serve this entire sentence before being taken to Florida for a parole hearing.

4, 2042.[2]  Following this recalculation, the Second Judicial Circuit denied the petition of mandamus on September 12, 2011.

The petitioner filed a petition for writ of certiorari in the First District Court of Appeal of Florida ("DCA") on November 7, 2008.  The DCA granted the petition on July 17, 2009 and remanded the case to the Second Judicial Circuit so that the petitioner could receive 20 days to reply to the respondent's response as required under Florida law.  *Rhodes v. Fla. Parole Comm'n*, 12 So. 3d 1275, 1275 (Fla. Dist. Ct. App. 2009).  After the petitioner filed his reply brief, the Second Judicial Circuit once again denied his petition for writ of mandamus.

The petitioner filed a second petition to the DCA on October 12, 2011.  The DCA denied the petition on April 20, 2012.  *Rhodes v. Fla. Parole Comm'n*, 88 So. 3d 938, 938 (Fla. Dist. Ct. App. 2012).  The petitioner filed a motion for rehearing, which was denied on May 31, 2012.  The mandate was issued on June 18, 2012.

On May 29, 2013, the petitioner filed a petition for writ of mandamus in the District Court for the Middle District of Florida.  With respect to the claims at issue,[3] the District Court determined that the statute of limitations began to run, at

---

[2] In the recalculation the FPC "re-visited the Salient Factor Score on the 'C' Commitment." Specifically, the FPC reduced the matrix time range for his conviction for attempted escape from 90–120 to 48–64, resulting in a 56-month reduction to his prospective parole release date.  The FPC did not alter the matrix time ranges for any other of his convictions.

[3] The Certificate of Appealability restricts our review to whether claims 4 through 7 and 9 through 14 are time barred.  In his petition, the petitioner claimed the following:

The state court denied his right to due process by:

> (a) relying on a false statement submitted by the FPC that the Miami-Dade County Attorney's Office testified at the commission hearing regarding Rhodes's murder conviction ("Claim 1");

> (b) allowing the FPC to assert the doctrine of laches as an affirmative defense before the state court ("Claim 2");

> (c) concluding that the entire record from the FPC had been reviewed despite the fact that the FPC had lost or destroyed records ("Claim 3");

The FPC denied his right to due process by:

> (a) committing an *ex post facto* violation when calculating his presumptive parole release date in 2006 by retroactively applying the current guidelines and increasing his sentence on his "O" commitment score ("Claim 4");

> (b) committing double jeopardy violations by permitting illegal aggravations and aggregation of expired sentences of his "O" commitment score in calculating his presumptive parole release date ("Claim 5");

> (c) improperly setting the "time begins" date when it did not give him credit for time served in setting his presumptive parole release date in its May 25, 2006 decision ("Claim 6");

> (d) increasing his penalty in setting his presumptive parole release date as 2047 without written specificity and particularity ("Claim 7");

> (e) violating Florida statutes when it solicited non-victims to oppose his parole ("Claim 8");

> (f) not considering a legal document that was submitted into evidence prior to setting his presumptive parole release date at 2047 ("Claim 9");

The FPC committed *ex post facto* violations by:

> (a) retroactively applying the current revised guidelines, which substantially increased Rhodes's presumptive parole release date set in 2006 ("Claim 10");

> (b) taking away the gain time Rhodes accumulated on his original commitment in setting his presumptive parole release date in 2006 ("Claim 11");

> (c) increasing his parole reviews to every five years from every two years ("Claim 12");

5

the latest, when the FPC denied the request for administrative review on September 22, 2006.  Given this, the District Court held that the one-year limitations period had run by the time the petitioner initiated collateral state proceedings on December 24, 2007.  It thus dismissed the claims.

He now appeals to us on the ground that the District Court erred in determining the one-year limitations period began to run on September 22, 2006 when the parole decision became final, rather than August 6, 2008 when the FPC recalculated his prospective parole release date.

## II.

We consider *de novo* the dismissal of a federal habeas petition as untimely. 28 U.S.C. 2244(d); *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014).  We may affirm the denial of habeas relief on any ground supported by the record.  *Trotter v. Sec'y, Dep't of Corrs.*, 535 F.3d 1286, 1291 (11th Cir. 2008).

Under § 2241, a prisoner may seek a writ of habeas corpus if he or she is "in custody in violation of the Constitution or laws or treaties of the United States."

---

The FPC committed double jeopardy violations by:

> (a) increasing the amount of time Rhodes must serve in calculating his "O" commitment score because it relied on expired sentences ("Claim 13"); and

> (b) failing to give Rhodes credit for time served from September 9, 2003, the date of his arrest for his parole violation, through August 9, 2005, in setting his presumptive parole release date on May 25, 2006 ("Claim 14").

6

28 U.S.C. § 2241(c)(3).  Challenges to the execution of a sentence are proper under § 2241—for instance, a challenge to a decision of a parole commission.  *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).  The habeas petitions of prisoners held in custody under the judgment of a state court must comply with the restrictions in § 2254, which include a one-year limitation period.  *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060, 1064 (11th Cir. 2003).

Section 2244 imposes a one-year limitation period on an application for writ of habeas corpus brought by an individual "in custody pursuant to a judgment of a State court."  28 U.S.C. § 2244(d)(1).  For present purposes, this limitation period begins to run from the latest of either: (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," or (2) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  *Id.* § 2244(d)(1)(A), (D).

In this case, the petitioner challenges the FPC's revocation of his parole on November 9, 2005 and its calculation of his presumptive parole release and interview dates on May 17, 2006.  He sought administrative review of the establishment of his presumptive parole release date on July 4, 2006.  The FPC denied administrative review on September 22, 2006.  Therefore, at the latest, the

7

statute of limitations began to run on September 22, 2006. *Id.* § 2244(d)(1)(A).[4]

He did not file his application for a writ of mandamus in state court until December 24, 2007. This means that 458 days elapsed between the date on which the parole decision became final and the filing of the writ of mandamus in state court. The petitioner did not file his habeas petition in federal court until May 29, 2013. Because the petitioner filed a state collateral petition after his one-year period for filing a federal habeas petition had run, he is ineligible for statutory tolling. *See Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012).

The petitioner argues that the recalculation of his parole release date on August 6, 2008 restarted the limitations period under 28 U.S.C. § 2244(d)(1)(D). His argument fails because none of the claims arise from the recalculation; they challenge the revocation of his parole and the calculation of his parole release and interview dates.[5] His claims are time-barred. Therefore, we affirm.

**AFFIRMED.**

---

[4] We have not decided which provision of § 2244(d)(1) applies to challenges to parole decisions. In *Brown v. Barrow*, we held that § 2244(d)(1)(D) applies where the petitioner did not commence proceedings before either a state court of the parole board before filing a federal habeas petition. 512 F.3d 1304, 1306–08 & n.1 (11th Cir. 2008). On its facts, *Brown* does not foreclose the application of § 2244(d)(1)(A) to challenges of the decisions of parole boards. In this case, we need not investigate this issue further because the petitioner's claims are time-barred under both § 2244(d)(1)(A) and (D).

[5] The FPC only recalculated his "C" commitment and criminal recidivist scores, which the petitioner did not challenge in his habeas petition.

8