FILED
United States Court of Appeals
Tenth Circuit

October 2, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

AUBREY STUART THOMAS,

Petitioner - Appellant,

v.

JASON BRYANT, Warden,

Respondent - Appellee.

No. 18-5062
(D.C. No. 4:18-CV-00058-JED-FHM)
(N.D. Okla.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY AND
DISMISSING THE APPEAL**

Before **BACHARACH**, **MURPHY, and MORITZ,** Circuit Judges.

This appeal involves the dismissal of Mr. Aubrey Thomas's habeas petition. The district court based the dismissal on timeliness, and Mr. Thomas requests a certificate of appealability. We deny his request for a certificate because the district court's dismissal of the petition is not subject to reasonable debate.

To appeal, Mr. Thomas must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Because the district court relied on timeliness, Mr. Thomas must show that the disposition was at least reasonably debatable.

*See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). Mr. Thomas has not made this showing.

A habeas petitioner has one year to file a petition for a writ of habeas corpus from a state court judgment. 28 U.S.C. § 2244(d)(1). The one-year period ordinarily begins to run when the petitioner's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).

Mr. Thomas's conviction became final on March 7, 2016, 90 days after the Oklahoma Court of Criminal Appeals had affirmed Mr. Thomas's conviction. Nonetheless, Mr. Thomas waited until January 26, 2018 (over 22 months after his conviction had become final) to file the habeas petition.

Because Mr. Thomas failed to file his petition within the one-year period, he needed to either justify equitable tolling or demonstrate actual innocence. Mr. Thomas tried to show both.

The district court rejected the argument for equitable tolling, reasoning that Mr. Thomas had failed to show diligent pursuit of his rights or an "extraordinary circumstance" that prevented timely filing. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). On appeal, Mr. Thomas again urges equitable tolling, but he does not challenge the district court's reasoning. For example, he does not discuss the district court's concerns with his lack

of diligence or the absence of extraordinary circumstances that would have prevented timely filing.

Mr. Thomas instead argues that his constitutional rights were violated. But a constitutional violation alone would not justify equitable tolling. *See Cole v. Warden*, 768 F.3d 1150, 1158 (11th Cir. 2014) ("A habeas petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or sentencing.").

The district court also rejected Mr. Thomas's argument of actual innocence, reasoning that his evidence was not new and would not show innocence. On appeal, Mr. Thomas disagrees, but he does not state what was wrong with the district court's analysis.

\* \* \*

Mr. Thomas fails to address the district court's reasoning on timeliness. We therefore

- decline to issue a certificate of appealability and
- dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3